Hunter v. The Board of Supervisors.

---

HUNTER v. THE BOARD OF SUPERVISORS *et al.*

1. Taxation: OF NOTES IN ANOTHER STATE. Where a resident of this State had deposited for safe keeping in Illinois some promissory notes that had never been brought by him into this State, it was *held,* that they were subject to taxation here.

2. —— The notes in such case are merely the evidence of the debts or rights represented, and these follow the person of the owner.

3. —— It seems a different rule might apply, if the notes represented money loaned or invested, through an agent in another State.

*Appeal from Page District Court.*

FRIDAY, FEBRUARY 23.

ACTION of mandamus to compel the board of supervisors to strike out an item of $5,000, " moneys and credits "

in appellant's assessment for the year 1871. The cause was submitted to the court, on an agreed statement of facts, as follows :

"1st. The property assessed as moneys and credits consisted of notes amounting to about $7,000, which belonged to plaintiff and were placed in an envelope and put into a safe in Illinois merely for safe keeping, no one having any control over them in Illinois.

"2d. The notes were never in Iowa, and were left in Illinois in good faith and not to avoid taxation.

"3d. Said notes were not taxed in Illinois. The notes are worth their face.

"4th. The board of supervisors refused to strike the same from the tax list.

"5th. From the above statement of facts, should the court think said notes not taxable in the State of Iowa, a decree is to be entered, ordering the treasurer to strike the same from the tax list, and either party may appeal."

The court found that the property was subject to taxation in this State, and rendered judgment against the plaintiff, from which he appeals.

*Morledge & McPherrin* for the appellant.

*Moore & Morseman* for the appellees.

MILLER, J. — It is urged by appellant that promissory notes are personal property ; that, to render such property subject to assessment for taxation, it must have been within the State on the first day of January next preceding the annual assessment, and that the notes in this case never having been in the State were, therefore, not subject to taxation.

The statute, in section 711 of the Revision, specifies certain classes of property that are required to be omitted from the assessments. (See, also, ch. 31, Laws of 1842 ; ch. 79, Laws of 1844.) The next section (712) provides that " all

other property, real and personal, within the State, is subject to taxation in the manner directed;" and it further provides that "this section is intended to embrace," with other species of property mentioned, "*money, property or labor due from solvent debtors on contract* or on judgment, mortgages, and other like securities," etc.

Now, while it is true that promissory notes are personal property, it is not this property in the notes which is required to be assessed, but the "money, property or labor due" thereon. The money due on the notes is personal property, distinct from the property in the notes. The notes may be destroyed without impairing or destroying the debt. The notes are but the evidences of the debt, and as such are personal property. They are not, however, the debt, the thing the law requires to be assessed for taxation. While they are the best, they are not the only evidence of the debt. If the notes constituted the sole property or right, a destruction of the notes would be a destruction of the property, as in the case of a horse or a wagon. But the notes may be destroyed and the right still subsist unimpaired. So, also, the *right* may be perfect without the existence of notes. It is the "*money, property or labor due on contract*," that constitutes the property the law requires to be assessed, and it makes no difference whether the *contract* be in writing or rests in parol. The "credit," or the debt due, is the property to be taxed and not the evidence thereof, although such evidence, if in writing, may be personal property. The property in the evidence of the debt is not taxable, and hence, whether the "credit" or "debt due" was or was not subject to taxation at the time cannot be determined alone by the *situs* of the evidence.

The debt due, of which the notes are the evidence, is property, vested in the owner wherever he may reside. This property in the *right* — the chose in action — is as absolute a property therein, and he is as well entitled to it

as he is to tangible property in possession. And this species of property — debts due — must, in the nature of things, follow and be with the owner; except perhaps where he has conferred authority upon some one else as his agent to loan, manage, receive and collect the same for him. In such case it might with reason be held that the *situs* of the property was at the domicile of the agent. *Qui facit per alium facit per se.*

In the case of *The People ex rel.* v. *Gardner*, 51 Barb. 352, the court held that a resident of New York was not liable to be assessed there for capital invested in loans in other States *upon securities, taken and held there by his agents.* In *Catlin* v. *Hull*, 21 Vt. 152, where notes were left by a resident of the State of New York in the State of Vermont in the hands of an agent *for management, collection and investment,* it was held that the property was "within the State" of Vermont in the sense of their statute. The same rule will hold in this State under section 725 of the Revision.

We may concede that moneys and credits under the control or management of an agent in another State, belonging to a resident in this State, with a view to be invested, loaned or used for pecuniary profit by such agent, would not be the subject of taxation in this State.

But such are not the facts of this case. Appellant is and was, at the time the property was assessable, a resident of this State. The "money due" is evidenced by promissory notes which are kept in Illinois merely for safe keeping; not for investment there under the management of an agent or any one representing the owner. The right to the "money due" being *in* the appellant, the property in the right must, of necessity, be at *the place where* he resides, irrespective of the *situs* of the evidence. Where would the property have been in case the contract had been an oral one? Would it be at the residence of the owner or at that of the witness if they were different?

Most surely at that of the former, and that the evidence in this case is in writing makes no difference, since it is not the evidence nor the property *therein* that is required to be assessed, but the property in the money due, of which the notes are only the evidence. The property in the money due on the notes is one thing, *and the thing required to be taxed*, while the property in the notes *as evidence of the money due*, is quite another and different thing, and not taxable as such under the statute. The former was within the State and subject to taxation at the time it was assessed, although the latter — the notes —were in another State for safe keeping.

Affirmed.