[No. 4132.]

ISAAC G. HAM, ADMINISTRATOR OF THE ESTATE OF ENOCH STURGEON, DECEASED, *v.* JAMES M. HENDERSON.

DISSOLUTION OF AN ATTACHMENT.—The death of a person after the levy of an attachment on his property dissolves the attachment.

TROVER BY AN ADMINISTRATOR.—An administrator may bring an action of trover in his own name to recover the value of personal property belonging to the estate, tortiously taken after the death of the intestate and before letters were issued.

DEMAND IN CASE OF TROVER.—If the taking of personal property is tortious, no demand is necessary before bringing suit.

COMPLAINT IN TROVER BY AN ADMINISTRATOR.—In an action of trover brought by an administrator to recover the value of personal property belonging to the estate and converted by the defendant, an averment in the complaint, that the estate owned and possessed the property, is equivalent to an averment that the administrator owned and possessed it.

TROVER.—An administrator has a special property in the personalty of the estate, which enables him to bring trover to recover its value when converted.

APPEAL from the District Court, Fifth Judicial District, County of San Joaquin.

On the 10th day of August, 1872, the defendant commenced an action in the District Court of the county of San Joaquin, against Enoch Sturgeon, to recover judgment for money alleged to be due. A writ of attachment was issued and placed in the hands of the sheriff of Sacramento County, who levied it upon a quantity of barley, wheat, a horse, and some hogs, the property of Henderson. Judgment in the action was rendered on the 23d day of August, 1872, for $3470.45, and an execution issued thereon to the sheriff of San Joaquin County on the 26th of August. The sheriff of Sacramento, when he levied the attachment, placed the property in the keeping of F. L. Johnson. On the 2d day of September Sturgeon died. On the 24th of September Henderson and Johnson and one Mitchell, without the knowledge of the sheriff of Sacramento, carried the property into the county of San Joaquin, and, on the 26th of September, the sheriff of San Joaquin levied his execu-

tion on it, and, on the 2d of October following, sold it. Johnson and Mitchell purchased it for Henderson. The plaintiff was appointed administrator of the estate of Sturgeon on the 6th day of November, 1872, and commenced this action on the 16th day of January, 1873, to recover damages. The complaint averred that the "estate was the owner and possessed of" the property, and that the defendant wrongfully took and converted the same to his own use. There was no averment of a demand. The plaintiff had judgment, and the defendant appealed.

*Byers & Elliott,* for the Appellant.

The lien of attachment continued on the property notwithstanding the death of Sturgeon. This Court has held that where the debtor dies before judgment, the attachment is dissolved. (*Myres* v. *Mott,* 29 Cal. 360.)

But the language of the decision very plainly indicates that the death of a judgment debtor after judgment does not dissolve the attachment. In fact, although some other States have held the same, yet none have held that death after judgment dissolves attachment. On the contrary, it is held in Pennsylvania (*Fitch* v. *Rosse,* 4 Sergt. & Rawle, 557; Drake on Attachment, Sec. 433) that such is not the case.

The attachment-lien continuing, the estate had no interest in the attached property, but only in the surplus after paying the judgment. (*Grosvenor* v. *Gold,* 9 Mass. 210.)

The only mode of enforcing the lien would seem to be execution.

Practically the attached property is a pledge in the custody of the law to satisfy the judgment, as though the property had been a pledge for the security of the debt sued on. And if our construction is correct, the pledged property must be sold to satisfy the debt, and there is no occasion to prove up the debt against the estate. (*Wright* v. *Ross,* 36 Cal. 438.)

That the character of the lien of an attachment is the same as a pledge, and entitled to be enforced in like manner, we cite: 14 N. H. 509; 10 Met. 320; 1 Zabriskie, 214; 10 S. & Mar. 348; 1 Day, 117.

*W. S. Buckley and F. T. Baldwin,* for the Respondent.

There being no attachment-lien it is unnecessary to notice the points and authorities in reference to attachments. And as to the pretended levy and sale under execution, they would have been void if Sturgeon had been living. A levy brought about by unlawfully bringing property from one jurisdiction into another for that purpose is utterly void.

By the COURT

1. The death of Sturgeon, the judgment debtor, had the effect, in law, to dissolve the attachment. (*Ham* v. *Cunningham,* ante, p. 365.)

2. The right of the plaintiff to the possession of the personal estate of the deceased, took effect by relation as of the date of the death of the intestate. "He is deemed in law from that time to have the possession, or to be entitled to the possession of the personal property, as the case may require. The administrator may, therefore, institute an action in the nature of the action of trover, in his own name—his special property being sufficient for that purpose—against a person who, after the death of the deceased, and before the issuing of the letters of administration, converts to his own use the personal property of the estate of the deceased. His right of action in such cases is the same as in case of a conversion after his appointment as administrator." (*Jahns* v. *Nolting,* 29 Cal. 511.) The taking of the property by the defendant having been tortious, no demand by the plaintiff previous to the commencement of the action was necessary.

3. The complaint is good. The averment that "said estate was the owner and possessed" the property, is equivalent to an averment that the plaintiff, as administrator, was the owner in possession.

Judgment affirmed.