[No. 5,969.]

## PAGE, ADMINISTRATRIX ETC. v. TUCKER.

ESTATES OF DECEASED PERSONS — EXECUTORS AND ADMINISTRATORS — DEVISEE — EJECTMENT.—During the administration, and until distribution, partial or final, the executor or administrator is entitled to have the possession of the property left by the deceased, and may recover the possession from an heir or devisee.

VERDICT — INSTRUCTIONS. — Where the evidence is clear in favor of either party, and there is no conflict, it is not error for the Court to direct a verdict in his favor.

APPEAL from an order granting defendants a new trial, in the Third District Court, County of Alameda.  McKEE, J.

The facts are stated in the opinion.

*James L. Crittenden*, for Appellant.

*G. F.* and *W. H. Sharp*, for Respondents.

Department No. 2, MYRICK, J.:

Charlotte M. Page died December 27th, 1873, seized and possessed of the premises in controversy, leaving a will by which

she devised the premises to her husband, Addison L. Page, whom she named to be executor of the will. In 1875, Addison L. Page conveyed his interest in the premises to Thompson, and he to the defendant, the National Gold Bank and Trust Company, a corporation. February 26th, 1876, plaintiff was, by the Probate Court, appointed special administratrix of the estate of Charlotte M. Page, deceased, and on the 29th of February, 1876, received letters as such, and entered into and took possession of the premises, and remained in the full and exclusive possession thereof for six days thereafter, when the defendant, the National G. B. and T. Co. forcibly removed her and dispossessed her of the premises, and thence continuously withheld the same by itself and its tenant, the defendant Tucker. March 7th, 1876, plaintiff was appointed and duly qualified as administratrix of the estate of said Charlotte M. Page, deceased, with the will annexed, and received letters as such, which letters remain unrevoked. Plaintiff, May 11th, 1876, commenced this action of ejectment. The case came on to be heard by a jury; and after evidence had been heard, the Court directed the jury to render a verdict in favor of plaintiff and against defendants. The jury rendered the verdict accordingly. Afterward the Court granted a new trial, from which order plaintiff appealed.

It is contended on the part of the appellant that plaintiff, as administratrix, is entitled to the possession of the premises of the deceased during and for the purposes of administration.

On the other hand, the respondents insist that the defendants, claiming under the devisee in the will, are entitled to the possession; that before the administratrix can recover, she must allege and show that the possession is required by her for the purposes of administration, viz., to pay debts, etc.

We are of opinion that the Court below erred in granting the new trial. During the administration, and until distribution, partial or final, the executor or administrator is entitled to have the possession of the property left by the deceased. (§ 1452, Code Civ. Proc.) The statute authorizes an heir to recover possession as against third persons, but not as against the executor or administrator. The District Court, in an action of ejectment, could not try and determine whether there will be

debts to be paid, or·expenses of administration, or past sickness, or funeral charges. The consideration of those matters is exclusively within the jurisdiction of the Probate Court. The executor or administrator cannot be kept out of property until the Probate Court shall have settled his accounts, and the debts and expenses have been ascertained, and then, and not till then, have his action to recover possession; but immediately upon the issuance of his letters, he is entitled to have the possession of the estate of deceased, to the end that the rents and profits, and, if need be, the proceeds of the property itself, be applied to the payment of debts and charges, and the balance, if any, distributed, and by him delivered to the parties entitled. The grant of letters by the Probate Court is conclusive upon other Courts as to the necessity for administration.

The order granting a new trial is reversed.

THORNTON, P. J., and SHARPSTEIN, J., concurred.