## GEORGE GOLDGART

### v.

## THE PEOPLE ex rel. Joseph Goar, Collector.

*Filed at Springfield March 29, 1883.*

1. TAXATION—*credits liable thereto.* Under the statute, "credits" are required to be taxed, and the statute is not subject to any constitutional objection, even if the property for which the credit was given is also taxable. They, like other personal property, are required to be listed by the owner, if a resident of the State, or if it be controlled by an agent, then by the agent.

2. SAME—*situs of credits.* If the owner of credits resides in the State, there is jurisdiction over his person and over his credits, which in the law, in the absence of anything showing they have a *situs* elsewhere, accompany him. If he is absent from the State, but the credits are in fact here, in the hands of an agent, for renewal or collection, with the view of reloaning the money by the agent as a permanent business, they have a *situs* here for the purpose of taxation.

3. A non-resident creditor having debts due him from residents of the State, not put into the hands of an agent here, is not liable to taxation in this State. Such credits follow his person, leaving nothing here to which jurisdiction can attach, it being the credits, not the debts, which are taxable.

APPEAL from the County Court of Coles county; the Hon. J. R. CUNNINGHAM, Judge, presiding.

Mr. CHARLES BENNETT, for the appellant:

At common law the *situs* of personal property is the residence of the owner,—his movable property, in contemplation of law, accompanying him wherever he goes. Cooley on Taxation, 269, 270.

A personal tax can not be assessed against a non-resident, neither can the property of a non-resident be taxed, unless it has an actual *situs* within the State, so as to be under the protection of its laws. Cooley on Taxation, 14–16.

To tax, in one State, contracts owned in another, is held to impair their obligation, and inadmissible, even though they

are made payable in the State imposing the tax, and secured by mortgage there. Cooley on Taxation, 65.

Mr. James McCartney, Attorney General, for the appellee:

We insist, first, that being in this State for the conduct of his business, appellant was a resident of the State for the purposes of taxation, within the meaning of the statute relating to the revenue; and second, that the money loaned in this State is taxable as personal property in the State, regardless of the residence of the creditor.

The first proposition is sustained by *Board of Supervisors* v. *Davenport*, 40 Ill. 197, where the question of residence for the purpose of taxation is very fully discussed. Secondly, taxes are a compensation for the protection furnished, either to the life or property, and the State which furnishes protection to either may collect the tax. Section 1 of the Revenue act, clause 1, declares that "all real and personal property *in this State*" shall be taxed. This includes all property, moneys and credits in the State, without reference to the residence of the owner. Section 7 designates where the property shall be listed,—namely, where the owner resides,— and "if there be no principal office or place of business in this State, then at the place in this State where any such corporation or person transacts business." Appellant transacted his business at Mattoon, in Coles county, and was not resident elsewhere in the State, and was properly taxable in Mattoon.

The word "property" includes credits and choses in action. It is properly used to denote "intangible rights, of value." *Trustees* v. *McConnel*, 12 Ill. 138; *People* v. *Rhodes*, 15 id. 304; *People* v. *Worthington*, 21 id. 172.

The *situs* of personal property is not uniformly that of its owner. When the property is permanently located at a particular place, it is subject to taxation there, whether that be the domicile of the owner or not. *Irvin* v. *New Orleans*,

*St. Louis and Chicago R. R. Co.* 94 Ill. 105.  See, also, *Mills* v. *Thornton,* 20 id. 300 ; *First National Bank* v. *Smith,* 65 id. 44 ; *Munson* v. *Crawford,* id. 185.

The rule that the *situs* of personal property is that of the owner, is one of convenience only, and may be changed by statute for the purposes of taxation.    *First National Bank* v. *Smith,* 65 Ill. 44 ; *Munson* v. *Crawford,* id. 185 ; *Danville Banking and Trust Co.* v. *Parks,* 88 id. 170.

A city charter granting power to tax all personal property within its limits, includes power to tax personal property actually located within the city, but owned by a non-resident. *Dunleith* v. *People,* 53 Ill. 45.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court :

This is an appeal from a judgment of the county court of Coles county, against certain real estate of the appellant, for alleged delinquent taxes for the year 1881.   Appellant appeared and filed an objection, in writing, against the application for judgment, in substance that he had paid all taxes assessed against the real estate, and that the personal tax, on account of which, alone, judgment was sought, was illegal and void, because appellant was not a resident of the county, and had no personal property therein, so as to be liable to be taxed therein upon personal property for the year 1881. It was agreed upon the trial that all taxes against the real estate had been paid, and that the tax in controversy was solely that assessed for the year 1881 on moneys loaned by appellant in Coles county, and secured by mortgage on real estate therein.   Evidence was introduced showing that appellant permanently removed from Coles county and this State on the 31st of March, 1881, with the intention of becoming a resident of the city of New York, since which time he has not resided in Coles county or this State ; that when he so removed he took with him all his accounts, notes, etc. ; that

he has, since that time, had no agent in Coles county to look after and collect his loans; that he has, himself, only been there once since that time before he came to defend this suit, which was in September, 1881; that he then came for the purpose of having a plate glass front put in his business block, and not to collect interest or loan money, and intended to stay only about four weeks, but owing to delays in receiving the glass he remained about ten weeks; that during the time of such stay he made new loans to the amount of $4500, made two renewals of old loans, (one for $1700 and the other for $800,) and collected some $200 or $300 of interest upon loans; that he has had no office or regular place of business in Coles county since his removal therefrom, and that usually, when interest has been due him, parties have remitted it to him at New York. The court overruled the objection, and gave judgment that the real estate be sold for the payment of the tax.

The only question to be determined is, whether, under the circumstances in proof, the loans were properly taxable in Coles county. Our statute requires "credits" to be assessed for taxation, (Rev. Stat. 1874, chap. 120,) and this court has held there is no constitutional objection to such taxation, even where the property for which the credit was given is also taxable. (*The People* v. *Worthington*, 21 Ill. 171.) The statute requires the "credit," as well as other personal property, to be listed by the owner, if a resident of the State, or if it be controlled by an agent, then by the agent. (Rev. Stat. 1874, sec. 6, *ubi supra.*) If the owner be resident in the State there is jurisdiction over his person, and over his credits also, which, in legal contemplation, in the absence of anything showing they have a *situs* elsewhere, accompany him. If the owner is absent, but the credits are in fact here, in the hands of an agent, for renewal or collection, with the view of reloaning the money by the agent as a permanent business, they have a *situs* here for the purpose of taxation,

and there is jurisdiction over the thing.    Burroughs on Taxation, 44, *et seq.*

But it is to be borne in mind it is *"credits,"* and not *"debts,"* that is the subject of taxation.    The debtor can not be taxed, and is not assumed to be by the statute, on what he owes. The only property in case of indebtedness is in the credit,— the ownership of the amount due, or, rather, of the right to have that amount paid,—and this belongs to and goes with the person of the creditor, unless he voluntarily assigns and transfers it to another, or places it in the hands of an agent. And so in the case of the non-resident creditor not having parted with his credit, there is nothing here to tax,—nothing here to which jurisdiction can attach.    This is well settled by adjudicated cases.    (See *Tappan* v. *Merchants' Nat. Bank,* 19 Wall. 499;    *State Tax on Foreign held Bonds,* 15 id. 317; *Hoyt* v. *Commissioner of Taxes,* 23 N. Y. 240.)    And this must be peculiarly so in the case of negotiable instruments. They are the subject of larceny, and their indorsement transfers the "credits" of which they are evidence.    They are regarded as property, and of course this must be property having its *situs* where they are lawfully held.    (*The People* v. *Trustees of Ogdensburg,* 48 N. Y. 390.)    And it is accordingly said by Cooley, in his work on Taxation, page 15, *et seq.:* "But debts owing to foreign creditors, by either corporations or individuals, are not the subject of taxation.    The creditor can not be taxed, because he is not within the jurisdiction, and the debts can not be taxed in the debtor's hands through any fiction of the law which is to treat them as being, for this purpose, the property of the debtor.    They are not property of the debtors in any sense,—they are the obligations of the debtors, and only possess value in the hands of the creditors.    With them they are property, but to call them property in the hands of the debtors is simply to misuse terms." See, also, ibid. *post,* 270.

The present case does not fall within the principle of *Board of Supervisors et al.* v. *Davenport*, 40 Ill. 197. In that case it was held that Davenport had a residence, within the meaning of the Revenue law, at Pekin, where he was taxed. At page 208, the court, in summing up, say: "Here the domicile or home of the defendant was at Bath, in the State of New York, and his business residence at Pekin. While there attending to it he could not be considered as residing at Bath, in New York. In conformity with the definition given of the term 'residence,' that of the defendant is established. Here was a settled, fixed abode at Pekin,—an intention to remain there permanently, at least for a time, for business purposes. When at Bath he resided there for a time, and so at Pekin, when he was assessed. His residence there was just as certain during the business season as it was in Bath, to which place he repaired on the approach of the hot and sickly season." That case was simply one of two different residences, alternating regularly, and not as is the present one, wherein the residence is abroad, and a single visit here, for a temporary purpose, alone, is proved. Had it been shown appellant regularly spent a portion of each year in Coles county, the cases would be analogous. But it is not claimed such a conclusion is warranted by the evidence. We do not think the proof showed, either, that appellant was a resident of Coles county after the 1st of May, 1881,—the date at which personal property was liable to be assessed for taxation for that year,—or that his credits had a *situs* there after that date.

The judgment is reversed and the cause remanded.

*Judgment reversed.*