[No. 9262. Department Two. — March 23, 1886.]

## BRIDGET MARTIN, Respondent, *v.* PATRICK WARD, Appellant.

EJECTMENT — SPECIAL ISSUES — FINDINGS AGAINST DEFENDANT — RENTAL
VALUE — INSTRUCTION TO FIND FOR PLAINTIFF. — The action was
brought to recover the possession of certain land. The complaint was
in the usual form, and prayed for the recovery of the possession, with
damages for the withholding, and the value of the rents and profits. The
answer, besides a general denial, set up the statute of limitations and a
previous judgment in bar of the action, and as a cross-complaint, alleged
an agreement by the plaintiff to convey the land to the defendant, and
prayed for a specific performance thereof. The special issues raised by
the cross-complaint were submitted to the jury, who found thereon ad-
versely to the defendant. At the trial, the ownership of the land by
the plaintiff at the date of the alleged agreement was admitted. No
evidence in support of the plea of a former adjudication was offered, and
the evidence was insufficient to sustain the plea of the statute of limita-
tions. The defendant testified that the rental value of the premises was
about ten dollars a month. On the coming in of the special verdict, the
court instructed the jury to find for the plaintiff, and to fix the rental
value at eight dollars a month. *Held*, that the instruction of the court
was proper.

ID. — WHEN COURT MAY DIRECT VERDICT. — The court has power to direct
a verdict when there is no conflict in the evidence.

APPEAL from a judgment of the Superior Court of the
city and county of San Francisco, and from an order re-
fusing a new trial.

The facts are stated in the opinion.

*I. N. Thorne*, for Appellant.

*M. I. Sullivan*, and *J. L. Murphy*, for Respondent.

SEARLS, C. — This is an action of ejectment to recover
a lot of land twenty-five feet front by sixty-nine feet
deep, situated on Douglas Street, city and county of San
Francisco. The appeal is from a judgment in favor of
plaintiff, and from an order denying a new trial.

The complaint is in the usual form in ejectment, avers
the value of the rents and profits of the demanded prem-
ises to be two hundred dollars, and demands judgment.

for possession, for five hundred dollars damages for withholding possession thereof, and for two hundred dollars, the value of the rents and profits, and for costs.

The complaint is followed by the usual affidavit in verification, but does not appear to have been sworn to, and must be treated as an unverified complaint.

The answer contains:—

1. A general denial of "each and every allegation in said complaint contained."

2. Sets up that plaintiff's action is barred by sections 318 and 319 of the Code of Civil Procedure of the state of California.

3. A plea of a judgment in favor of defendant, determining the title to the demanded premises in defendant's favor.

4. And for a further and separate defense, and as a cross-complaint, defendant avers in substance, that in the latter part of 1868, plaintiff being the owner of 75 feet front by 125 feet deep on Douglas Street, in consideration that defendant would build for her, said plaintiff, on said land, a house, agreed to convey to him, the defendant, the northerly one third, or 25 feet front by 125 feet deep, parcel of said land; that on or about January, 1869, defendant entered into possession of said land so agreed to be conveyed, and has ever since held the exclusive, visible, open, and notorious possession thereof, adverse to all the world claiming title thereto; that the defendant built the house for plaintiff as per the agreement, and that the same was accepted by her; that plaintiff agreed to execute to defendant a deed, but has never done so.

Wherefore defendant prays that he be decreed to be the legal owner of the premises, and that plaintiff execute to him a deed, etc.

At the trial it was admitted that the plaintiff was the owner of the land in 1869, at the time of the alleged agreement, and by consent of parties the following special

issues were presented to the jury and answered as herein stated: —

" 1.  Did the plaintiff in the latter part of 1868, or the early part of 1869, enter into any agreement with the defendant whereby she promised that she would convey to him the premises on which he now resides, in consideration that he would construct for her, at his own expense, a dwelling-house upon that portion of the premises where she is now residing?  Yes.

" 2.  If you find the above in the affirmative, then did the defendant construct a dwelling-house for the plaintiff upon that portion of the premises where she is now residing at his own expense ?  No.

"3.  If you find the above in the negative, then did the plaintiff, in the latter part of 1868, or the early part of 1869, agree with the defendant that if he would pay a certain mortgage then existing upon the premises in controversy, to the Hibernia Bank, for about the sum of three hundred dollars, or refund the amount, she would convey to him the premises upon which he is now residing?  Yes.

"4.  If you find the last above in the affirmative, then did the defendant pay said mortgage or refund the amount thereof to the plaintiff?  No.

"5.  If you find the last above in the affirmative, then did the defendant enter upon said premises in pursuance to said agreement?  Yes.

"6.  If you find that the defendant entered upon the possession of said premises under either of the agreements above mentioned, then has he ever repudiated said agreement and claimed to hold the premises as his own, prior to the commencement of this litigation ?  Yes, on or about three years ago."

Upon the coming in of this special verdict, the court instructed the jury to find a verdict for the plaintiff for the possession of the demanded premises, and for the rental value thereof, at eight dollars per month, from the

date of the filing of the complaint, and thereupon the jury rendered its verdict in favor of the plaintiff as follows:—

"We, the jury in the above-entitled cause, do find for the plaintiff, and assess the damages in the sum of $104."

To the instruction of the court directing a general verdict, counsel for defendant excepted, and the ruling is assigned as error.

At the trial no evidence was offered in support of the plea of a former adjudication and judgment. Title in plaintiff in 1869 was admitted, and the only evidence upon the subject of the value of the rents and profits was that of the defendant, who said, "I suppose the property might bring probably about ten dollars a month or thereabouts," and that of Peter Ward, a witness on behalf of plaintiff, who fixed it at eight dollars per month.

The sixth finding of the jury, to the effect that defendant repudiated the agreements and claimed to hold the premises as his own, "on or about three years ago," coupled with the fact that he himself testified that for two or three years before suit was brought he had not paid the taxes on the property as required by section 325 of the Code of Civil Procedure, to make out an adverse possession, are conclusive of defendant's plea of the statute of limitations.

There remained, then, nothing to dispose of, except the value of the use and occupation, and if plaintiff was willing to accept the smallest amount named by any witness, defendant, who had fixed the value somewhat higher, should not be heard to complain.

Assuming, as the court did, the lowest sum named as the value, there was upon *this question* no conflict in the testimony.

Where there is no conflict in the evidence, the court may properly direct a verdict. (*Chenery* v. *Palmer*, 6 Cal. 122; *Watson* v. *Damon*, 54 Cal. 278; *Page* v. *Tucker*, 54 Cal. 121.)

The error, *if any*, in instructing the jury as to the amount to be found, inured to the benefit of appellant, and it is no cause for a reversal of the judgment.   Upon the other issues, the evidence was not only conflicting, it was radically hostile and conflicting, in the extremest sense of the term, and involved considerations peculiarly within the province of a jury to determine, and under the circumstances the result reached should not be disturbed, and the judgment and order appealed from should be affirmed.

FOOTE, C., and BELCHER, C. C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment and order are affirmed.