JOHN GIBBINS v. V. V. ADAMSON, *Treasurer, and* R. B. FRANCIS, *Sheriff, of Jackson County, Kansas.*
No. 175.

1. TAXATION OF MORTGAGE—*situs for purposes of, is owner's residence.* A debt due a resident of Kansas evidenced by a promissory note secured by mortgage on lands in this State, is as a general rule taxable at the place of residence of the owner.

2. ———— *payee of note still owner for purposes of, though transferred to non-resident as collateral security.* Where the payee of a note and mortgage such as above described has transferred the same by assignment and delivery to a resident of another State, as collateral security only, the payee is still the real owner thereof, subject to a contingency, and is properly chargeable with taxes thereon.

Error from Jackson District Court. Hon. Robert Crozier, Judge. Opinion filed April 30, 1897. *Affirmed.*

This was an action for an injunction to restrain the collection of personal property taxes in excess of an amount tendered and refused. The petition alleged that, after having filed with the county clerk the plain-

tiff's sworn statement of personal property, the township trustee, without the plaintiff's knowledge and without authority, added six thousand dollars to the amount for which taxes had been entered on the tax-roll accounts, and that the plaintiff had tendered the Treasurer the taxes due according to the original statement, and afterwards tendered the Sheriff the costs of the warrant in addition, but both tenders were refused. The defendants demurred to the petition on the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was sustained, and the plaintiff electing to stand upon his petition, brought in the Supreme Court proceedings in error. That court held that the township trustee had no legal right to change the statement after it had been filed with the county clerk, and, on that ground alone, held the petition sufficient and reversed the order sustaining the demurrer. *Gibbins v. Adamson*, 44 Kan. 205. Afterwards issues were made up and the case was tried by the court below which made special findings of fact. One of the facts found was that the addition to the statement was made *before* the trustee filed it with the county clerk. The other facts found, so far as material here, were that the plaintiff below, who was a resident of Netawaka Township, in Jackson County, was the owner of a mortgage on lands in Jackson County securing a note for six thousand dollars ; but, having given his own note for twenty-eight hundred dollars to a resident of Missouri, he had, in 1884, indorsed the mortgage note and assigned the mortgage to the resident of Missouri as collateral security, and they were thereafter continuously held in Missouri until after March 1, 1887 ; that, March 24, 1887, the mortgage note having been paid to the plaintiff, the mortgage was released by the Missouri holder ; that, in the

92          GIBBINS v. ADAMSON.

N. Dept.          Opinion.   Wells, J.          5 Kan. App.

usual course, the plaintiff, in 1887, made out a sworn statement of his taxable property and delivered the statement to the township trustee of his township, but did not include the six thousand dollar mortgage, and the township trustee, before delivering the statement to the county clerk, added, by interlineation, the omitted six thousand dollars; that taxes on the aggregate were placed upon the tax rolls, but the plaintiff knew nothing of the matter until December, 1887, when he tendered the amount of his taxes according to his original statement, but the Treasurer refused to accept it; and that the Sheriff, having received a tax warrant, and he also having refused a similar tender, this action was brought.

From the facts found, the court below drew the legal conclusion that the plaintiff was not entitled to relief. The plaintiff moved for judgment in his favor on the findings, and, that having been refused, moved for a new trial, which was also denied and judgment rendered against him for costs. To reverse that judgment this proceeding in error was brought.

*Hayden & Hayden*, for plaintiff in error.

*R. G. Robinson*, for defendants in error.

WELLS, J. As we view the matter there is only one question in this case, and that is: Was the note in question taxable in Jackson County, where the payee resided? If it was properly taxable there, then, under the decision of the Supreme Court in *Ryan v. Comm'rs of Leavenworth Co.*, (30 Kan. 185,) and *Life Association v. Hill*, (51 Kan. 636,) the injunction cannot be maintained.

This principal question can properly be subdivided into two propositions:

I. What is the *situs* for taxation of a debt evidenced

by a promissory note secured by mortgage on real estate? In regard to debts evidenced by bills, notes and bonds, there are two lines of decisions. The leading cases in each line are referred to by the briefs of the respective parties herein. We are inclined to agree with the American and English Encyclopedia of Law, (vol. 25, p. 147,) that:

"The view which is probably the more logical is that the paper is mere evidence of indebtedness, and that the debt itself can have no actual *situs*, wherever the paper may be; hence the *situs*, in the eye of the law, is, as in the case of ordinary debts, at the residence of the creditor."

In *Railroad Co.* (*Cleveland, Painesville and Ashtabula*) *v. Pennsylvania*, (15 Wall. 324,) Mr. Justice Field said: "Other personal property, consisting of bonds, mortgages, and debts generally, has no *situs* independent of the domicile of the owner."

In *Mo. Pac. Rly. Co. v. Sharitt*, (43 Kan. 379,) Mr. Justice Valentine, in concurring says: "The *situs* of a debt is either with the owner thereof, or at his domicile, or where the debt is to be paid."

There are undoubted exceptions to this rule, as in *Fisher v. Comm'rs of Rush Co.*, (19 Kan. 414,) and *Wilcox v. Ellis*, (14 id. 588,) but this case does not come under the terms of any such exception.

II. Who is the owner for purposes of taxation of such indebtedness? The American and English Encyclopedia of Law, (vol. 18, p. 649,) says, in relation to bonds and mortgages deposited as collateral security: "The pledgor holds the general property in the bond and mortgage, the pledgee having a special property for his advances." Citing *O'Dougherty v. Rem. Paper Co.*, 81 N. Y. 496.

On page 652 of the same volume the author says: "The pledgor may sell the property pledged, subject

94          GIBBINS v. ADAMSON.

N. Dept.          Opinion.   Wells, J.          5 Kan. App.

to the lien of the pledgee.'' Citing a long list of authorities.

On this question we do not think there is any serious dispute among authorities. To our minds the reasoning is conclusive as to its *situs* for taxation. We presume that it will not be disputed that, as a rule, property not used for some excepted public purpose should bear its share of the public burdens; and if it is admitted, as it must be, that the note in controversy should pay taxes somewhere, who in equity should be required to pay them? Surely not the pledgee. It is his duty to pay taxes upon the twenty-eight hundred dollar note he owns, and to compel him to pay taxes upon the six thousand dollar note in which he has no interest except as security, would be a gross injustice, as twenty-eight hundred dollars is all the interest he has in both notes.

The principle stated above, that the payee of the note in controversy is properly chargeable with taxes thereon, also disposes of the fourth assignment of error in plaintiff's brief, as, under paragraph 6847, General Statutes of 1889, debts secured by liens on real estate are not of the class of credits from which liabilities can be deducted under paragraph 6851. See *Lappin et al. v. Comm'rs of Nemaha Co.*, 6 Kan. 403, and *Life Association v. Hill*, supra. The judgment of the court below will be affirmed.