WILLIAM H. SCRIPPS

*v.*

THE BOARD OF REVIEW OF FULTON COUNTY.

*Opinion filed December 18, 1899.*

TAXES—*situs of debt for purpose of taxation is at creditor's domicile.* In the absence of a statute to the contrary, a debt for money loaned by a citizen of one State to a citizen of another State is taxable in the State and county where the creditor resides, although the debt is payable at the debtor's residence to the creditor's agent.

APPEAL from the decision of the Board of Review of Fulton county.

J. S. WINTER, for appellant:

The theory that movable things follow the person of their owner was devised for convenience in the settlement and distribution of the estates of deceased persons, and is not one of universal application. Story on Conflict of Laws, sec. 379.

Personal property follows the person of the owner, but municipal corporations have no power to protect property not within their corporate limits, nor can they render any equivalent for the right to tax such property; and it is evident the legislature of this State intended to confine the power of taxation to property actually within its territorial jurisdiction. *Davenport* v. *Tazewell County*, 40 Ill. 208; *Wilkey* v. *Pekin*, 19 id. 160.

While the *situs* of personal property is, under many circumstances, considered by the law as being that of its owner, yet such is not the uniform rule. *Irwin* v. *Railroad Co.* 94 Ill. 105; *Mills* v. *Thornton,* 26 id. 300.

The *situs* of promissory notes is of the county where the debtor resides. *Fisher* v. *Burrell,* 7 Leigh, 110; *Murphy* v. *Creighton,* 45 Iowa, 178; *Wymant* v. *Halstead,* 109 U. S. 654.

In this case appellant's investments were in the hands of his agent in Iowa, who had control of loaning and collecting the money, and the credits he seeks to have abated from his assessment were not liable to taxation in this State. *Hoyt* v. *Comrs. of Taxes,* 28 N. Y. 226.

Those credits were taxable in the State of Iowa. *Hutchison* v. *Board of Equalization,* 67 Iowa, 35.

E. C. AKIN, Attorney General, (C. A. HILL, and B. D. MONROE, of counsel,) for the People:

The rule that personalty is to be assessed to the owner where he has his domicile, is applicable to bonds and other choses in action, though the debtor resides out of the State, and though they are secured by mortgage on lands out of the State. Cooley on Taxation, (2d ed.) p. 372.

Debts and choses in action, being a species of intangible property, are deemed, for purposes of taxation, to be situated at the domicile of the owner. Thus, choses in action are properly assessed in the county where the owner resides. So money loaned by one in a certain city and made payable there cannot be there taxed to him as personal property, he not being during the year a resident either of the city or of the State. Hilliard on Taxation, p. 132, sec. 610.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

On July 31, 1899, appellant presented to the board of review of Fulton county his complaint, showing that on May 19, 1899, he returned to the assessor of Astoria town-

ship a schedule of his personal property, containing an item of credits of $144,000, and of that sum $118,000 were credits held and possessed by him in the State of Iowa from residents of the State of Iowa, who, to the best of his knowledge and belief, are still residents of that State, and were without property, real or personal, in the State of Illinois; that said credits are payable in the State of Iowa and subject to the jurisdiction and laws of that State; that Moses Mummert, a citizen of Aurelia, Cherokee county, Iowa, was and is his agent; that he included said $118,000 in his assessment list of $144,000 for the reason that he was unwilling to swear to the affidavit attached to the list without including all of his personal property wheresoever it existed, believing that the legal right of the State of Illinois to tax his personal property held by him in the State of Iowa was not positive, but constructive only, and was unauthorized by law, and against which he duly made protest to the assessor of said township and the supervisor of assessments of said county, and also believing, if the said credits of $118,000 owned and held by him, as aforesaid, in the State of Iowa were not taxable in the State of Illinois, the supervisor of assessments or the board of review of the county had the power, and it would be their duty, to correct and adjust his assessment list if it included property not taxable in this State. He prayed said board to review his said assessment list of personal property, and that upon such review they might find said credits of $118,000 held by him in the State of Iowa were not taxable, under the laws of this State, in this State. On August 2, 1899, the board of review of that county, upon a hearing and consideration of said petition, overruled the same and determined to retain said $118,000 as a part of the assessment against appellant for the year 1899, and the question here presented for determination is whether or not those credits for $118,000, held and possessed by appellant in the State of Iowa, for moneys loaned and debts due him by

citizens of that State, are taxable against appellant in this State.

By paragraph 4 of section 35 of an act entitled "An act for the assessment of property and providing the means therefor, and to repeal a certain act therein named," approved February 25, 1898, provision is made for the clerk of the board of review to certify to the Auditor certain cases where the whole property is not liable to taxation, upon which, if the Auditor objects to the decision of the board of review of any particular county, he may advise the board of his objection to its decision, and give notice thereto that he will apply to the Supreme Court, specifying to what term thereof, for an order to set aside and remove the decision of such board. It is therein further provided that if the board of review shall decide that property claimed to be exempt is liable to be taxed, and the party aggrieved at the time shall pray an appeal, a brief statement in the case shall be made by the clerk, under the direction of the board, and transmitted to the Auditor, who shall present the case to the Supreme Court in like manner. Under this latter provision the case is presented to this court as to whether the $118,000 belonging to appellant, included in his assessment list of $144,000, is liable to taxation in the State of Illinois.

The actual *situs* of personal property having an actual and tangible existence, under the legislation of this State, will determine the town or district in which it may be taxed. (Rev. Stat. chap. 120, sec. 8.) The general rule is, that personal property of a tangible character is to be assessed where situated, without reference to the domicile of the owner. Debts and choses in action are a species of intangible property that, for purposes of taxation, are generally held to be situated at the domicile of the owner. A debt owing to a person is evidenced by an account, note, bond or other promise of the debtor, and is a mere chose in action, which goes with the person of the creditor, and can be properly assessed, under the

great weight of authority, only in the county where the owner resides. A debt has no *situs* other than the domicile of the owner. It cannot be taxed to the debtor, for in such case it would not be a tax on property or wealth, but would be a tax on the converse and a tax on poverty. The debtor may be in one State and the creditor and security for the debt in another.

It was held in *Railroad Co.* v. *Pennsylvania*, 15 Wall. 300: "Debts owing by corporations, like debts owing by individuals, are not property of the debtor in any sense. They are the obligations of the debtors, and only possess value in the hands of the creditors. With them they are property, and in their hands may be taxed. To call debts property of the debtors is a misuser of terms. All the property there can be, in the nature of things, in debts of corporations belongs to the creditors to whom they are payable, and follows their domicile, wherever that may be. Their debts can have no locality separate from the parties to whom they are due. This principle might be stated in many different ways and supported by citations from numerous adjudications, but no number of authorities and no forms of expression could add anything to its obvious truth, which is recognized upon its simple statement. The bonds of the railroad company in this case are undoubtedly property, but property in the hands of the holders and not property of the obligators. So far as they are held by non-residents of the State they are property beyond the jurisdiction of the State."

In *Davenport* v. *Mississippi and Missouri Railroad Co.* 12 Iowa, 539, the question arose before the Supreme Court of Iowa whether mortgages on property in that State held by non-residents could be taxed under a law which provided that all property, real and personal, within the State should be subject to taxation, and the court said: "Both in law and equity the mortgagee has only a chattel interest. It is true that the *situs* of the property mortgaged is within the jurisdiction of the State; but,

the mortgage itself being personal property, a chose in action attaches to the person of the owner. It is agreed by the parties that the owners and holders of the mortgages are non-residents of the State. If so, and the property of the mortgage attaches to the person of the owner, it follows that these mortgages are not property within the State, and if not they are not subject of taxation."

In *Johnson* v. *City Council of Oregon City,* 3 Ore. 13, it was held that intangible property not growing out of real estate must be held to follow the person of the owner, and that notes and other choses in action belonging to citizens resident in Oregon City are liable to taxation under the charter of that city. The language used was: "Intangible property not growing out of real estate must be held to follow the person of the owner. Instead of depending on the whereabouts of the evidence of the ownership, the locality of this class of property must, in general, depend upon the locality of him whose personal property it is."

In *Hunter* v. *Supervisors of Page County,* 33 Iowa, 376, it appeared that a resident of Iowa deposited for safe keeping in Illinois promissory notes for $7000 that were never brought into Iowa. They were held liable to be taxed in Iowa. It was held: "It is not the notes, as such, that are taxed,—it is the debt. Notes are mere evidences of the debt. The right to money due being in the resident of Iowa, the property must, of necessity, be at the place where he resides, irrespective of the *situs* of the evidence." To the same effect are *McKeen* v. *Northampton County,* 49 Pa. St. 519, and *Worthington* v. *Sebastian,* 25 Ohio, 1.

The weight of authority is that money loaned in another State or county, in the absence of a statute to the contrary, is taxable in the State or county where the owner or creditor resides, and not in that of the debtor, and that the debt follows the residence of the creditor and has its *situs* there. That principle, applicable gen-

erally to the taxation of this character of property, has in this case added strength when it appears that in the State of Iowa it is held that such is the rule.

The principle that where the owner of credits resides in this State there is jurisdiction over his person and over his credits, which, in law, accompany him and have a *situs* here for taxation, is sustained by *Goldgart* v. *People ex rel.* 106 Ill. 25, *People* v. *Davis*, 112 id. 272, and *Cooper* v. *Beers*, 143 id. 25.

It was clearly proper to list for taxation the credit for $118,000 included in the list of the appellant. The action of the board of review is approved and held valid.

*Action approved.*