## WILLIAM E. HAYWARD

*v.*

## THE BOARD OF REVIEW OF CHRISTIAN COUNTY.

*Opinion filed February 20, 1901.*

1. TAXES—*taxable situs of credits is generally at domicile of creditor.* Credits owned by a non-resident have their taxable *situs* at his domicile, and not in this State, although an exception to this rule may exist where they are kept within the limits of this State and employed permanently in business by the owner or by his agent residing in this State, and having physical control of the documents evidencing such credits. (*Board of Supervisors* v. *Davenport*, 40 Ill. 197, distinguished.)

2. SAME—*what not ground for separating situs of credits from domicile of owner.* That the owner of credits who resides in another State has an agent in Illinois to receive applications for loans and to transact other business, and that the owner comes to Illinois once a month, but only temporarily, to transact business with reference to such credits, does not constitute him a "resident" of Illinois, and, in the absence of proof that the documents evidencing such credits are actually in Illinois, there is no ground for separating the taxable *situs* from the domicile of the creditor.

APPEAL from Board of Review of Christian county.

JAMES M. TAYLOR, for appellant.

E. C. AKIN, Attorney General, (C. A. HILL, and B. D. MONROE, of counsel,) for appellee.

Mr. CHIEF JUSTICE BOGGS delivered the opinion of the court:

The board of review of Christian county ruled the appellant was, on the first day of April, 1900, the owner of credits to the amount of $145,845, which were liable to assessment for taxation in said county of Christian at one-fifth of said amount, being $29,169, and assessed him accordingly. This appeal questions the correctness of this ruling of the board.

The appellant does not deny that he was the owner of credits in the amount as found by the board, but his con-

tention is, he is, and was at the time in question, a resident of Indianapolis, in the State of Indiana, and not a resident of the State of Illinois, and that the *situs* of the said credits for the purpose of taxation was in the State of Indiana. It appears from the facts found and recited by the appellee board, that the domicile of the appellant was in the city of Indianapolis, in the State of Indiana, and it is conceded by the Attorney General in his brief that it cannot be claimed, from such finding of facts, that the notes and mortgages constituting the credits were kept in the State of Illinois, either in the custody and control of appellant or any agent of appellant in the State. It is averred in the sworn answer of the appellant that said "notes and mortgages, choses in action and evidences of indebtedness," were not kept in the State of Illinois, but were kept by him at his place of residence in the State of Indiana, and there is no finding to the contrary in the record made by the board.

The property which is taxable as credits is not the obligation of the debtor to pay, but the legal right inuring to the creditor to demand and recover the indebtedness. The property so taxable as a credit is that of the creditor, and, as a general rule, has its taxable *situs* at the domicile of the creditor. (*Goldgart* v. *People*, 106 Ill. 25; *People* v. *Davis*, 112 id. 272; *Cooper* v. *Beers*, 143 id. 25; *Scripps* v. *Board of Review*, 183 id. 278.) An exception to this rule may exist when the credits are kept in the limits of the State and employed permanently in business by the owner though a non-resident, or by an agent of the owner residing in the State and having the physical control of the papers and writings evidencing the credits. But in the case at bar the notes, etc., constituting the credits were not kept in the State.

It is contended in behalf of the appellee board that the facts found by the board show that the appellant had established a residence for business purposes in Pana, in Christian county, in this State, and there transacted busi-

ness with the credits in question, and that said credits, therefore, had their *situs*, for the purposes of taxation, at the said alleged business residence of their owner, the appellant. It is thought the case is analogous to that of *Board of Supervisors* v. *Davenport*, 40 Ill. 197. In the *Davenport case* it was held that the domicile of the appellee, Davenport, was at Bath, in the State of New York, but that he had two residences,—one in Pekin, in Tazewell county, the other in Bath. Said appellee, Davenport, was an unmarried man of mature age, and had no other business except that connected with making loans of money at Pekin, collecting such loans and the interest thereon, and renewing them and re-loaning the amounts collected, generally both the principal and the interest. The notes taken by him were, as a rule, made payable at Pekin. The city of Pekin was his post-office address and permanent place of transacting all business in connection with the credits sought to be assessed for taxation. The ultimate facts were stated by this court as follows (p. 208): "Here the domicile or home of the defendant was at Bath, in the State of New York, and his business residence at Pekin, in the county of Tazewell, in this State, one-third of the year. His only business was carried on at Pekin. While there attending to it he could not be considered as residing at Bath, in New York. In conformity with the definition given of the term 'residence,' that of the defendant is established. Here was a settled, fixed abode at Pekin,—an intention manifested to remain there permanently, at least for a time, for business purposes. When at Bath he resided there for a time, and so at Pekin when he was assessed. His residence there was just as certain during the business season as it was in Bath, to which place he repaired on the approach of the hot and sickly season. It is true, he had but one home or domicile; but he had two residences,—the one in Pekin while he was there, the other at Bath, his home and domicile when he chose to go to it. * * * We have no doubt

appellee, in legal contemplation, was a resident of Pekin when assessed, and amenable to our revenue laws."

The ruling in that case was based upon the conclusion reached by the court that the appellee, Davenport, was a resident of Illinois. In the case at bar the appellant, Hayward, resided in the State of Indiana. He came to Pana, in this State, on one day in each month for the purpose of transacting business in connection with the credits upon which he was assessed for taxation; but his stay in Illinois was but temporary, and there is no finding that the credits,—*i. e.*, the notes, mortgages and evidences of indebtedness,—were brought into the State by him or kept in the State in the custody and control of an agent. In these material aspects this case is essentially different from the *Davenport case.* In the case at bar the owner of the credits resided in the State of Indiana, and proof is lacking that the credits were in fact in this State. The rule applicable in such state of case is thus stated in *Goldgart* v. *People, supra:* "If the owner be resident in the State there is jurisdiction over his person and over his credits also, which, in legal contemplation, in the absence of anything showing they have a *situs* elsewhere, accompany him. If the owner is absent but the credits are in fact here, in the hands of an agent, for renewal or collection, with the view of re-loaning the money by the agent as a permanent business, they have a *situs* here for the purpose of taxation and there is jurisdiction over the thing.—Burroughs on Taxation, 44 *et seq.*"

The fact the appellant had an agent in this State to receive applications for loans and transact other business, and he came to Illinois at regular intervals, but only temporarily, for the purpose of transacting business with reference to these credits, did not constitute him a resident of the State within the meaning of that word, and in the absence of proof that the notes, mortgages, etc., which evidenced the credits were actually in Illi-

nois, there is no ground on which to declare a separation of the *situs* of the credits from the domicile of appellant.

Upon the facts as found and recited by the board it was error to assess the credits as liable to taxation in this State. The decision of the board of review must be and is set aside and removed.        *Decision set aside.*