CLYDE REAT et al.

v.

THE PEOPLE ex rel. D. C. Gannaway, County Collector.

*Opinion filed February 18, 1903.*

1. TAXES—*rule as to taxing credits of non-resident owner in hands of resident agent.* Credits or securities of a non-resident owner in the hands of an agent residing in Illinois are subject to taxation here only when they are left in the agent's hands for the purpose of having them renewed or collected, in order that the amount they represent may be re-loaned by the agent as the stock in trade of the owner's business conducted by the agent.

2. SAME—*when notes of non-resident owner are not taxable in Illinois.* Notes taken for purchase money on property in Illinois sold by a non-resident owner, and left, for the convenience of the maker, in the hands of a resident of Illinois, who collects and remits the interest without charge, are not taxable in Illinois.

APPEAL from the County Court of Coles county; the Hon. JOHN P. HARRAH, Judge, presiding.

On April 1, 1901, Emeline Reat owned lots 13 and 16 in T. Bagley's addition to Charleston, Coles county, and personal property consisting of notes secured by a mortgage upon real estate in said county. This personal property was in Charleston in possession of George H. Jeffries on said date, and the property was assessed, and tax was levied against Jeffries as agent. At that time Emeline Reat was a resident of the State of California. She left the State of Illinois in 1895 or 1896, accompanied by her children, Charles, Clyde and Jesse, hereinafter named, and never thereafter lived in Illinois. She died in California on April 11, 1901, owning said lots, and left the appellants Charles, Clyde and Jesse Reat as her only heirs-at-law. The notes having been assessed against George H. Jeffries, agent, and Jeffries having failed to pay the personal tax, it was returned delinquent, and on April 15, 1902, the county collector extended said tax against said lots. The county collector, after due publication, made application for judgment and order of sale

against said lots for the said tax. The appellants, Clyde, Jesse and Charles Reat, and George H. Jeffries, filed objections in the county court to entry of judgment against the lots, which objections were overruled; and judgment was entered against said lots, from which judgment the present appeal is prosecuted.

The objections, filed by the appellants against the entry of judgment against the lots, were, first, that the lots were not the property of Emeline Reat at the time the said personal tax herein claimed to be a lien was rendered against said lots; that Emeline Reat died in California on, to-wit, April 11, 1901, and Charles, Jesse and Clyde Reat became by her death the sole owners of said estate, they being her only heirs-at law; and, second, that said Emeline Reat, against whom the taxes above claimed are alleged to have accrued, was not a resident of the State of Illinois during the years the said taxes are alleged to have accrued, nor for many years prior thereto; that she did not reside, and had no business residence, in Illinois actual or constructive; that the notes in question, which were assessed against her as credits, were given as part of the purchase money of certain real estate, which she owned and occupied before she removed from the State of Illinois to the State of California, where she died; that said notes were left in the possession of Jeffries, he having negotiated the sale of said real estate, for the convenience of the payor; that said notes were not in the possession of Jeffries for collection or renewal with a view of re-loaning the money, but were in an envelope in his safe marked "Emeline Reat;" that she resided permanently in California, and never returned to Illinois after she left that State, and was not engaged in the business of loaning money in Illinois through herself, or any agent.

A. C. ANDERSON, for appellants:

Credits of non-residents not engaged in the business of loaning money in Illinois with a view of permanent

investment are not taxable in Illinois. *Matzenbaugh* v. *People,* 194 Ill. 108; *Goldgart* v. *People,* 106 id. 25; Cooley on Taxation, 269, 270; *Hayward* v. *Board of Review,* 189 Ill. 234.

To tax in one State contracts owned in another is held to impair their obligation. Cooley on Taxation, p. 65.

Bonds and mortgages subject to the order and exclusive control of the owner but left for convenience in the hands of a non-resident agent, are not taxable at the residence of the agent. *Beardman* v. *Tompkins Co.* 85 N. Y. 359; *State Tax on Foreign Bonds,* 15 Wall. 300; *Herron* v. *Keeran,* 59 Ind. 472; *Orcott's Appeal,* 97 Pa. 179.

H. J. HAMLIN, Attorney General, and JOHN F. VOIGT, Jr., (GEORGE B. GILLESPIE, of counsel,) for appellee:

Every person shall list all moneys and other personal property invested, loaned or otherwise controlled by him as the agent, attorney or on account of any other person or persons, body corporate or body politic. Hurd's Stat. 1901, chap. 120, sec. 6, par. 2.

Credits mean every claim or demand for money, labor or interest, or other valuable thing due or to become due, not including money on deposit. Hurd's Stat. 1901, chap. 120, sec. 6, par. 6.

A definite rule deciding what conditions determine property as permanently invested in this State cannot be laid down for all cases, but each case is determined by the circumstances. *Irwin* v. *Railroad Co.* 94 Ill. 109.

The word "permanent" does not always embrace the idea of perpetuity. *Hascall* v. *University,* 8 Barb. 186.

Any one who undertakes to transact some business or to manage some affair for another by authority and on account of the latter, and to render an account of it, is denominated an agent. 1 Am. & Eng. Ency. of Law, 938.

An agent may act gratuitously. 1 Am. & Eng. Ency. of Law, 936.

For purposes of taxation the *situs* of intangible personal property may be elsewhere than at the domicile of

the owner. *Bank* v. *Smith,* 65 Ill. 54; *Supervisors* v. *Davenport,* 40 id. 203.

If credits are kept in this State and employed permanently in business by the owner, though a non-resident, or by an agent of the owner residing in this State and having the physical control of the papers and writings evidencing the credits, they are taxable here. *Hayward* v. *Board of Review,* 189 Ill. 235.

Where personal property is permanently invested at a particular place it is liable to be listed there for taxation. *Irwin* v. *Railroad Co.* 94 Ill. 109.

Mr. CHIEF JUSTICE MAGRUDER delivered the opinion of the court:

The general rule is, that personal property is taxable, or has its taxable *situs,* at the domicile of the creditor. The principle, applicable in such cases, is that which is embodied in the maxim, *mobilia personam sequuntur.* But this principle does not always apply for the purposes of taxation. On the contrary, tangible personal property may be taxed where it is situated irrespective of ownership, if the statute shall so provide. (Cooley on Taxation, pp. 269, 270; *Hayward* v. *Board of Review,* 189 Ill. 234). Speaking of the rule or maxim thus referred to, we said in *Hayward's case, supra:* "An exception to this rule may exist when the credits are kept in the limits of the State, and employed permanently in business by the owner though a non-resident, or by an agent of the owner, residing in the State, and having the physical control of the papers and writings evidencing the credits."

In *Goldgart* v. *People,* 106 Ill. 25, we said (p. 28): "The statute requires the 'credit,' as well as other personal property, to be listed by the owner, if a resident of the State, or if it be controlled by an agent, then by the agent. * * * If the owner be resident in the State there is jurisdiction over his person, and over his credits also, which, in legal contemplation, in the absence of anything

showing they have a *situs* elsewhere, accompany him. If
the owner is absent, but the credits are in fact here in
the hands of an agent for renewal or collection with the
view of re-loaning the money by the agent as a perma-
nent business, they have a *situs* here for the purpose of
taxation, and there is jurisdiction over the thing." The
words, thus used in the *Goldgart case*, were quoted with
approval in *Hayward* v. *Board of Review, supra;* and the
substance of the holding in the *Goldgart case, supra,* was
also stated and referred to with approval in *Matzenbaugh*
v. *People,* 194 Ill. 108. In *Matzenbaugh's case, supra,* we said
(p. 116): "The general rule is, the taxable *situs* of cred-
its is the domicile of the owner. But an exception to
the rule arises when the instruments, which evidence the
right of the owner to receive the indebtedness which con-
stitutes the 'credits,' are in the hands of an agent of the
owner for the purpose of enabling such agent to transact
the business of the owner, in which business the credits
constitute, as it were, the subject matter or stock in trade
of such business." In *Matzenbaugh's case,* also, it was held
that the notes and securities there referred to were sub-
ject to taxation under the laws of Illinois, because the
owner thereof allowed them to remain in the hands of
his agent in Illinois for the purpose of enabling such
agent to successfully and conveniently continue the pros-
ecution of the business of loaning money, in which such
owner had long been engaged.

The holding of the cases decided by this court would
thus seem to be that, where the owner of such credits or
securities is a non-resident of Illinois and is absent from
that State, his securities, remaining in this State in the
hands of an agent, are only subject to taxation in this
State when they are so left in the hands of the agent
for the purpose of having them renewed or collected, in
order that the money, realized from such renewal or col-
lection, may be re-loaned by the agent as a permanent
business. The credits of the non-resident owner, so re-

maining in Illinois, must constitute the subject matter or stock in trade of the business of the owner as conducted by the agent.

In the case at bar, there is no evidence that the notes and mortgage here under consideration were left by Mrs. Reat in Illinois for the purpose of being collected and re-loaned as a permanent business by any agent. The testimony is quite clear that, after she left Illinois and went to California, she sold a farm in Illinois, on which she had lived, and took from the purchaser notes and a mortgage for the purchase money. These notes, together with the mortgage, were left in the hands of Jeffries, not as agent for the re-investment of the money to be collected upon the notes and mortgage, but merely for the convenience of the maker of the notes. Jeffries collected the interest from the maker of the notes, and remitted such interest to Mrs. Reat in California, and charged nothing for his services in collecting the interest and remitting it. There is no evidence, tending to show that, when the principal of the notes should be paid, it was not also to be remitted. The securities, however, were not left with any idea that the money collected should be re-invested, or re-loaned, or permanently used in any business in Illinois. It would, therefore, seem to follow that, although the securities thus taxed were in the State of Illinois, yet they were subject to the rule, which makes the domicile of the owner the taxable *situs* of the personalty. We are, therefore, of the opinion that the notes and mortgage in question were not properly taxed in this State.

In view of the conclusion thus reached, it is not necessary to consider the objection, that at the time the county collector selected lots 13 and 16 above mentioned as the real estate to be charged with the personal property tax already mentioned, the lots in question were not owned by Emeline Reat. Inasmuch as the notes and mortgage in question were not properly subject to tax-

ation as personal property in Illinois, it is immaterial whether, after the death of Mrs. Reat, and after the title had descended to her heirs, the county collector properly charged the tax against the lots, or not.

The judgment of the county court is reversed, and the cause is remanded to that court for further proceedings in accordance with the views herein expressed.

*Reversed and remanded, with directions.*