Lydia Farlin Upson et al. v. Lewis H. Davis, Executor, et al.

1. Wills—*Will of Testatrix Residing in Another State, When Not Admissible to Probate.*—The will of a testatrix who resides in another state and leaves no property in this state excepting choses in action, is not admissible under Section 10, Chapter 148, R. S.

2. Same—*Section 11, Ch. 148, R. S., Construed.*—Section 11, Chapter 148, R. S., applies solely to domestic wills.

3. Same—*Choses in Action Are Not "Property in This State" Within the Meaning of Section 11, Chapter 148, R. S.*—Property in choses in action belonging to a citizen of a foreign state follows the person of the owner and is not "property in this state" within the meaning of Section 11, Chapter 148, R. S.

4. Bonds—*Belonging to a Non-Resident—When Not Taxable in This State.*—Bonds belonging to a non-resident are not taxable in this state, where they are left in the hands of a resident agent of the owner for mere investment and collection.

5. Courts—*Constitution of 1818 Did Not Vest Probate Jurisdiction in Any Court.*—The constitution of 1818 did not in terms provide for the exercise of probate jurisdiction by any court. By section 1 of article 4 the judicial power of the state was vested in the Supreme Court and such inferior courts as the general assembly might from time to time establish. Under this grant of power the legislature provided for the appointment, first, of judges of probate, and afterward of probate justices of the peace.

6. Same—*Constitution of 1848 Vested Probate Jurisdiction in County Courts.*—Under the constitution of 1848 probate jurisdiction was vested in the County Court.

7. Same—*Probate Courts Created by the Present Constitution.*—The constitution of 1870 was the first one to provide for the creation of a Probate Court as such. Sec. 18 of Art. 6 continues the probate jurisdiction in County Courts, but by Sec. 20 of the same article the General Assembly was empowered to create and establish a distinctive probate court in each county having a population of over 50,000.

8. Same—*Probate Court Has Only Such Powers as Are Conferred upon it by the Statute Creating it.*—The Probate Court is the creature of the statute and possesses only such powers as are conferred upon it by the laws passed in pursuance of the constitutional provision authorizing its creation.

9. Administration of Estates—*Right of Foreign Executors to Sue in This State.*—By Sec. 42 of Ch. 3, R. S., the legislature has given to foreign executors and administrators the right to sue in any court of this state upon filing authenticated copies of their letters testamentary or of administration.

10. SAME—*Where Action of Probate Court in Admitting a Will to Probate May be Collaterally Attacked.*—The action of the Probate Court in taking jurisdiction of a will and admitting it to probate may be collaterally assailed where the lack of jurisdiction is shown on the face of the record.

**Bill to Set Aside the Probate of a Will.**—Appeal from the Superior Court of Cook County; the Hon. ARTHUR H. CHETLAIN, Judge presiding. Heard in the Branch Appellate Court at the March term, 1902. Reversed, with directions. Opinion filed November 17, 1903.

This was a bill in equity by appellants against appellees to contest the validity and set aside the probate of the will, and a codicil thereto, of Cynthia M. Cameron, who was and until her death continued to be a resident of Warrensburg, Warren county, New York. The property of the decedent at the time of her death consisted of money on deposit in a bank at Glens Falls, New York, of moneys in hands of two persons living in Warrensburg, New York, and of bonds of the Chicago City Railway Company, in the possession of Lewis H. Davis, of Chicago, Illinois, one of appellees. The will and codicil were admitted to probate by the Probate Court of Cook County, Illinois, and letters testamentary issued thereon to said Davis out of said court on May 4, 1898.

The grounds relied upon in the bill were that the Probate Court did not have jurisdiction to admit the will to probate; that neither the will nor codicil was executed in accordance with the requirements of the laws of New York; that undue influence was exercised upon the deceased, and that she did not possess sufficient testamentary capacity. There was a trial by jury, who found generally that the will and codicil in question were not the last will and testament of the deceased, and specially, that she was of sound mind and memory at the time of making it; that there was no undue influence, and that neither the will nor the codicil was executed in accordance with the New York law. Upon motion of appellees the court entered a decree, *non obstante veredicto*, sustaining the will and dismissing the bill for want of equity, from which this appeal is taken.

Upson v. Davis.

Alden, Latham & Young and James C. Rogers, attorneys for appellants.

D. J. & D. J. Schuyler, Jr., attorneys for appellee; D. J. Schuyler, of counsel.

Mr. Justice Stein delivered the opinion of the court.

Numerous errors are assigned by appellants, but we do not deem it necessary to consider more than one of them, to wit, whether the Probate Court of this county had jurisdiction to admit the will and codicil to probate.

The testatrix resided in another state and left no property in this state excepting choses in action. She owned no real estate here. The will was therefore not admissible under section 10 of our statute on Wills (Ch. 148 of Rev. Stat.), which provides for the admission to probate of a will made out of this state " in any county in this state in which the testator may have been seized of lands or other real estate at the time of his death." But it is claimed that the will was properly admitted under the concluding portion of the following section which reads as follows:

" 11. If any testator or testatrix shall have a mansion-house or known place of residence, his or her will shall be proved in the court of the county wherein such mansion-house or place of residence shall be. If he or she has no place of residence, and lands be devised in his or her will, it shall be proved in the court of the county wherein the lands lie, or in one of them, where there shall be land in several different counties; and if he or she have no such known place of residence, and there be no lands devised in such will, the same may be proved either in the county where the testator or testatrix shall have died, or that wherein his or her estate, or the greater part thereof, shall lie."

A careful reading and consideration of the language of this section and the context has led us to the conclusion that it was intended by the legislature to apply solely to domestic wills. Section 10 defines the circumstances under which the Probate Court will have jurisdiction to admit foreign wills to probate. The first sentence of section 11 clearly contemplates the case of a will made by a person

whose "mansion-house or known place of residence" is in some county in this state; and there is nothing in the remainder of the section which lends support to a contrary view. But if we are wrong in this conclusion and it be held that section 11 applies to foreign wills, the question arises whether the will was admissible under that part of the section which provides that the will "may be proved * * * in the county * * * wherein his or her estate (that of the testator) or the greater part thereof shall lie," this being the part which appellees contend authorized the Probate Court to admit the will.

Did the testatrix have any "estate" or property in this state within the meaning of the above section? All she had was bonds, mere evidences of indebtedness, and they were not property situated in Illinois in the eye of the law. As was said in Cooper v. Beers, 143 Ill. 25:

"The property here in controversy, being choses in action in the form of notes and bonds, and having been shortly before the death of Mrs. Cooper put in the hands of Capen, at Bloomington, in this state, temporarily for safe keeping, where they remained at the time of her death, was not in a legal sense 'property in this state.' The property in such notes and bonds followed the person of Mrs. Cooper, and so her domicile being at the time of her death in Missouri, it in legal contemplation was her 'property in Missouri.'"

Further on the court say:

"Since the only property right which there can be in a debt is the mere right to receive payment of it, it is impossible that there can be anything of a tangible nature connected with such right which can occupy locality, and so the property right must accompany and remain with the person of the owner of the debt, and therefore it can not be in this state when the domicile of the owner is in another state."

This language is quoted with approval and applied in Holbrook v. Ford, 153 Ill. 633, 645. To the same effect is Consolidated Tank Line Co. v. Collier, 148 Ill. 259. Nor can it make any difference that the bonds of the testatrix were in the hands of her Chicago agent for mere purposes of investment, and collecting and remitting to her the interest. Channel v. Capen, 46 Ill. App. 234. The bonds

could not be taxed here.    Reat v. People, 201 Ill. 469; Hayward v. Board of Review, 189 Ill. 234; Matzenbaugh v. People, 194 Ill. 108.

In all the cases, excepting one, cited by appellees in support of the jurisdiction of the Probate Court, the courts were either dealing with or discussing, not choses in action, but personal property having a tangible, visible existence. Of that character are Varner v. Bevil, 17 Ala. 286; Fletcher's Adm. v. Sanders, 37 Ky. (7 Dana) 345; Jaques v. Horton, 76 Ala. 238; Booth v. Timoney, 3 Demarest, 416; Smith v. Munroe, 23 N. Car. (1 Ired. L.) 345; Wilkins v. Ellett, 108 U. S. 256; Spraddling v. Pipkin, 15 Mo. 118; Stevens v. Gaylord, 11 Mass. 263 (the plea in this case sets up notes and moneys), and Blewitt v. Nicholson, 2 Fla. 200.    Moreover, in four of these cases, Jaques v. Horton, Booth v. Timoney, Smith v. Munroe and Blewitt v. Nicholson, it appears that express authority had been conferred by legislation upon the courts that admitted the wills, to do so, even where the persons making them were non-residents.    Hyman v. Gaskins, 5 Ired. L. 267, is the only case cited by appellees where letters were granted upon the estate of a non-resident testator by the court of a county in which " at his death he had debts due him;" but as appears from Smith v. Munroe, *supra,* referred to and cited in Hyman v. Gaskins, the court had express legislative authority to grant the letters, and even under these conditions the Supreme Court of North Carolina, while declining to treat the letters as absolutely void, held them to be voidable.

In one case are to be found expressions that the assumption of jurisdiction by the Probate Court of the state where the Supreme Court delivering the opinion was sitting was to be considered as *prima facie* evidence of the fact that such court had rightful authority to act as it did in admitting a foreign will to probate.    If by this is meant the Probate Court of that state had such power at common law, it is different in Illinois.    The constitution of 1818 did not in terms provide for the exercise of probate jurisdiction by any court.    By Sec. 1 of Art. 4 the judicial

power of the state was vested in the Supreme Court and such inferior courts as the General Assembly might from time to time establish. Under this grant of power the legislature provided for the appointment, first, of judges of probate, and afterward of probate justices of the peace. Dunlap v. Ennis, 3 Gil. 286. Under the constitution of 1848 (Sec. 18, Art. 5), probate jurisdiction was vested in the county courts. Our present constitution was the first one to provide for the creation of a probate court as such. Sec. 18 of Art. 6 continues the probate jurisdiction in county courts, but by Sec. 20 of the same article the General Assembly was empowered to create and establish a distinctive probate court in each county having a population of over 50,000. It is from this section that the Probate Court of Cook County derives its existence. It is the creature of the statute and possesses only such powers as are conferred upon it by the laws passed in pursuance of the constitutional provision. If these laws do not include the power to admit to probate a foreign will, then the power does not exist.

By Sec. 42 of Ch. 3 of our Revised Statutes the legislature has given to foreign executors and administrators the right to sue in any court of this state upon filing authenticated copies of their letters testamentary or of administration. Hence there is no occasion to vest the Probate Court with power to issue letters on a foreign will for the purpose of reducing to possession the estate of a non-resident located in this state.

It remains to consider the contention of appellees that the action of the Probate Court in taking jurisdiction of the will in question and admitting it to probate is conclusive and can not be collaterally assailed. That this is the general rule admits of no doubt; but it has its exceptions. One of them is where the lack of jurisdiction is shown on the face of the record. People v. Seelye, 146 Ill. 191, 222, 223; Payson v. The People, 175 Ill. 267; Munroe v. People, 102 Ill. 406; Clark v. Thompson, 47 Ill. 25; Harris v. Lester, 80 Ill. 307. From the record of the Probate Court (the petition for letters and the inventory) it affirmatively

appears, as already stated, that Mrs. Cameron, the testatrix, was a resident of New York at the time of her death and left no property in Illinois other than bonds of the railway company.

Our conclusion therefore is that the Probate Court of Cook County was without jurisdiction to admit the will and codicil to probate, and that its acts in that regard are void and a nullity.

The decree appealed from will be reversed with directions to the Superior Court, upon another hearing of the bill and the requisite proof being made, to enter a decree setting aside and vacating the probate of said will and codicil by the Probate Court of this county and all its proceedings in that regard.