### *In re* APPEAL OF THERESA BORDEN, Exrx.

*Opinion filed February 17, 1904—Rehearing denied April 7, 1904.*

TAXES—*taxable situs of credits is at owner's residence.* Credits, stocks and bonds, which in law accompany the person of their owner, have their taxable situs where he resides in this State, although they are in the hands of non-resident agents but not for the transaction of the owner's business, of which they constitute the subject matter or stock in trade.

AUDITOR'S certificate of appeal to review decision of board of review of Marion county.

L. M. KAGY, for appellant.

H. J. HAMLIN, Attorney General, for the People.

Mr. JUSTICE WILKIN delivered the opinion of the court:

This is an appeal from the action of the board of review of Marion county in assessing against Theresa Borden, executrix of the last will and testament of Henry Lee Borden, deceased, certain stocks, bonds and credits owned by the estate of her deceased husband, Henry Lee Borden, at the time of his death, and which, under his will, became vested in her.

For several years prior to his death Henry Lee Borden owned a farm and dwelling house in Tonti township, in Marion county, and lived there with his family a portion of each year up to the time of his death. He died on November 21, 1902, in California and was buried in

208—24

New York. By his last will and testament he appointed
his widow, Theresa Borden, the appellant herein, his ex-
ecutrix and made her his sole legatee. The will was duly
admitted to probate by the county court of Marion county
and letters of administration issued to said widow. L. L.
Borden, a son of appellant, acting as her agent, gave in
to the local assessor of Tonti township, for assessment
for the year 1903, $50,350 in the name of appellant, indi-
vidually. The board of review notified her to appear
before it on September 10, 1903, and show cause why cer-
tain stocks, bonds and credits owned by her should not
be assessed, and on that date she appeared with her at-
torneys and made a written answer to said notice, alleg-
ing that all the personal property belonging to the estate
of Henry Lee Borden subject to taxation in said county
had been duly listed and assessed by the assessor of
Tonti township, and that certain shares of stock of the
Home National Bank of Elgin, Illinois, were not sub-
ject to taxation in said county but were taxable in Kane
county, and that the United States bonds held by said
estate were exempt from taxation. She then listed nu-
merous stocks, bonds and credits which she alleged were
not subject to taxation in the State of Illinois on April
1, 1903, for the reason that such stocks and bonds, on the
first day of April, 1903, and at all times prior thereto, had
no actual or constructive situs in the State of Illinois,
but were held, owned and controlled in the State of New
York and there had their legal situs, and therefore were
not assessable in said Tonti township. She also filed
with the board her affidavit, and that of her son, L. L.
Borden, in support of the allegations of her written an-
swer, with the further statements that all stocks and
bonds last above mentioned were held, owned and con-
trolled in the State of New York by agents of appellant
for the purpose of enabling said agents to transact all
business relating thereto in the State of New York, where
said bonds, stocks and credits had their legal situs on

April 1, 1903, and had had their legal situs long prior to the death of Henry Lee Borden; that the appellant and Henry Lee Borden never had permanently resided in Tonti township or in Marion county, but had only used said farm, residence and buildings in said county as a temporary abode for the purpose of spending the pleasant spring months of the year, and of occasionally stopping for the purpose of rest and recreation when not living elsewhere in the United States, the greater portion of the time, to-wit, about ten months in the year, having been spent out of the State of Illinois; that said stocks, bonds and credits had no connection whatever with the business of appellant as executrix, or personally, in said county, but were separate and distinct therefrom, and all business transactions in relation thereto were conducted and carried on in the State of New York.

The board of review, after hearing these affidavits, certified that the foregoing was all the evidence heard or considered on the hearing of said matter, and made a written finding to the effect that the said Henry Lee Borden, for several years prior to his death, lived on said farm with his family a portion of each year, and during his lifetime, while living in said township, exercised the right of citizenship by voting at township elections in the township; that after his death said Theresa Borden, his widow, filed her petition, under oath, in the county court of Marion county asking for probate of his will and testament, and in said petition she stated, under oath, that the said Henry Lee Borden was, at the time of his death, a resident of said county and that she at that time was a resident of said county; that on the first day of April, 1903, said widow resided in said township and had no other home or permanent residence elsewhere, and that on May 15, 1903, she reported all of these stocks, bonds and credits to the county treasurer of Marion county upon which to base the inheritance tax of the State of Illinois, which tax she paid to said county

treasurer; that all of these stocks, bonds and credits were listed to the local assessor of Tonti township for the year 1903 by L. L. Borden, her son and agent, and afterwards, at the request of said son, said local assessor received a new schedule, and erased from said assessment books all of the stocks, bonds and credits in controversy herein except the sum of $50,350, and that all of said assessments were made in the name of Theresa Borden individually, and not in her name as executrix, and that the same should be made in her name as executrix; that all of said stocks, bonds and credits in controversy were kept by the said Henry Lee Borden, in his lifetime, in the hands of his agents in the State of New York, and have remained there in the hands of the said agents since his death; that the said stocks, bonds and credits were not used by the said Henry Lee Borden in his lifetime, nor by his agents, either before or since his death, in any permanent business of the said Henry Lee Borden or the said agents in the State of New York, nor were they kept there, nor are they now kept there, for use in any particular business, and they were not in the hands of any agent of said executrix on the first day of April, 1903, in the carrying on of any business in which they were used or needed, and that the taxable situs of said stocks, bonds and credits on April 1, 1903, was in said township and county, and an assessment was therefore ordered to be extended against said bonds by the said board of review, but not against the bank stock or United States bonds.

From this order of the board of review an appeal was prayed and allowed to the Auditor of Public Accounts, and the record has been certified to this court for our consideration under section 35 of the Revenue law of 1898, (Hurd's Stat. 1899, p. 1453,) which, among other things, provides: "If the board of review shall decide that property so claimed to be exempt is liable to be taxed, and the party aggrieved at the time shall pray

an appeal, a brief statement in the case shall be made
by the clerk, under the direction of the board, and trans-
mitted to the Auditor, who shall present the case to the
Supreme Court in like manner as hereinbefore provided."
Our decision must be based upon such brief statement.
The board of review found, according to that statement,
that the deceased, Henry Lee Borden, was a resident of
Tonti township, in Marion county, this State, at the time
of his death, and that the appellant, in whom the prop-
erty in question became vested under his will, resided
in that township on the first day of April, 1903.  As to
her, there is nothing whatever in the affidavits set out
in the statement to the contrary.  No one pretends to
dispute that fact.  The recited facts also sustain the
conclusion of the board that her deceased husband was a
resident of that township, notwithstanding the fact that
he did not permanently reside there.  If his residence
was not there, where was it?  Presumably he had a resi-
dence at some place, but the affidavits of appellant and
her son are both silent upon that subject.  It is true, the
stocks, bonds and credits assessed as found were not
in this State on the first of April, 1903, but were held
in the State of New York.  That fact alone would not,
however, exempt them from taxation in Tonti township,
where the owner resided, the rule being, that where the
owner of stocks, bonds, credits or choses in action re-
sides in this State, there is jurisdiction over his person
and credits, which in law accompany him and have their
situs here for the purpose of taxation.  *Scripps* v. *Board
of Review*, 183 Ill. 278, and cases cited on page 284; *Ellis*
v. *People*, 199 id. 548.

In *Matzenbaugh* v. *People*, 194 Ill. 108, we said (p. 116):
"The general rule is, the taxable situs of credits is the
domicile of the owner.  But an exception to the rule
arises when the instruments which evidence the right of
the owner to receive the indebtedness which constitutes
the credits are in the hands of an agent of the owner for

the purpose of enabling such agent to transact the business of the owner, in which business the credits constitute, as it were, the subject matter or stock in trade of such business,"—citing *Hayward* v. *Board of Review,* 189 Ill. 234, and *Goldgart* v. *People,* 106 id. 25. Appellant seems to have attempted, by the affidavits of herself and son, to bring the property in question within this exception to the general rule, but we are of the opinion that she has failed to successfully do so. It will be noticed that her affidavit, as well as that of her son, simply states that the property is held, owned and controlled in the State of New York by agents of appellant for the purpose of enabling said agents to transact all business relating thereto in the State of New York, where said stocks, bonds and credits had their legal situs on April 1, 1903, etc. In what particular business they were actually held and controlled there does not appear from these affidavits,—whether for the purpose of carrying on some business of which they are "the subject matter or stock in trade of such business," or merely for convenience in receiving dividends thereon, is left altogether indefinite and uncertain; whereas the board of review finds and recites in its statement that said stocks, bonds and credits were not used by the said Henry Lee Borden in his lifetime, nor by his agents, either before or since his death, in any permanent business of the said Henry Lee Borden or the said agents in the State of New York, nor were they kept there, nor are they now kept there, for use in any particular business, and they were not in the hands of any agent of said executrix on the first day of April, 1903, in the carrying on of any business in which they were used or needed, etc.

We entertain no doubt that upon the showing in this record the board of review correctly held that said stocks, bonds and credits were taxable in the township of Tonti, in Marion county, Illinois, and its decision to that effect will accordingly be affirmed.        *Decision affirmed.*