## THE ILLINOIS CENTRAL RAILROAD COMPANY

### *v.*

## ALEXANDER H. IRVIN.

1. ILLINOIS CENTRAL RAILROAD COMPANY—*construction of clause in charter exempting it from taxation.* The taxes from which the legislature intended to relieve the Illinois Central Railroad Company, by the 22d section of the act incorporating it, are only such taxes as it, as a railroad corporation, would be otherwise liable to pay upon its property, acquired in

the prosecution of its business in constructing and operating the lines of road authorized by said act to be constructed and operated.

2. Steamboats are not railroad property, and are not, although owned and used by a railroad company, exempt from taxation as such, under a charter which exempts such railroad company from taxation.

3. Where the charter of a railroad company exempts the corporation from taxation, its property which is necessary and indispensable to the construction and use of the road will, alone, be within the exemption—all other property will be liable to taxation.

APPEAL from the Circuit Court of Alexander county; the Hon. DAVID J. BAKER, Judge, presiding.

Messrs. GREEN & GILBERT, for the appellant.

Messrs. LINEGAR & LANSDEN, for the appellee.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

Appellant prayed, by its bill, that the collector of taxes for the county of Alexander be perpetually enjoined from the collection of certain taxes levied on two boats, one a wharf and the other a steamboat, which it claimed as its property.

The steamboat is used by appellant for the promotion of its business, chiefly in carrying passengers and freight to and from Cairo, Illinois, and Columbus, Kentucky, thus connecting the southern terminus of its road with the northern terminus of the Mobile and Ohio Railroad, and also, to a limited extent, in carrying passengers and freight to and from those points and intermediate points on the river. The wharf boat is used for the transfer of freights shipped or to be shipped by appellant's road to and from points south of Cairo. It is not used in connection with the receipt or delivery of freight consigned to parties at Cairo; and the only purpose and use of the steamboat is, to facilitate and extend appellant's business as a common carrier to and from points south of Cairo.

The court below, on hearing, decreed that the injunction be made perpetual as to the wharf boat, but dissolved it as to the steamboat, and the only question raised by this appeal is, whether the steamboat is liable to taxation.

By the 22d section of the act approved Feb. 10, 1851, incorporating appellant, it is provided: " * * * The stock, property and assets belonging to said company shall be listed by the president, secretary, or other officer, with the Auditor of State, and an annual tax for State purposes shall be assessed by the Auditor upon all the property and assets of every name, kind and description belonging to said corporation. Whenever the taxes levied for State purposes shall exceed three-fourths of one per centum per annum, such excess shall be deducted from the gross proceeds or income herein required to be paid by said corporation to the State, and the said corporation is hereby exempted from all taxation of every kind, except as herein provided for. * * * "

The constitutionality of this section was sustained, and it was held to constitute a vested contract between the State and appellant, which it was beyond the power of the legislature to impair by subsequent enactments, in *The Illinois Central Railroad Co.* v. *McLean Co.* 17 Ill. 291, and *Neustadt* v. *The Illinois Central Railroad Co.* 31 id. 484.

It is said to be the most natural and genuine exposition of a statute, to construe one part by another part of the same statute, for that best expresses the meaning of the makers. Potter's Dwarris on Statutes, 188.

The object of creating appellant a corporation was, to construct and operate a great railroad through the central part of the State. The powers expressly conferred upon it were, to "survey, locate, construct, complete, alter, maintain and operate a railroad, with one or more tracks or lines of rails, from the southern terminus of the Illinois and Michigan Canal to a point at the city of Cairo, with a branch of the same to the city of Chicago, on Lake Michigan, and also a branch, via the city of Galena, to a point on the Mississippi river opposite the town of Dubuque, in the State of Iowa." Laws of 1851, p. 61, § 2. No authority is given to construct other lines of railway, or to engage in carrying by water, or otherwise than by the lines of railway so to be constructed. Every section of the act relates to the accomplishment of this purpose and none

other. It was to aid in it that the munificent donation of lands was made by the State, and the exemption granted by the 22d section.

As was observed in *Neustadt* v. *The Illinois Central Railroad Co. supra:* "In consideration of the undertaking of the company to construct a great thoroughfare, which should involve the expenditure of millions, and which was an experiment, and seven per cent of the gross amount of its receipts or income to be paid to the State, the company was relieved from the payment of all other than State taxes, to be assessed as provided for in this section."

The taxes, then, from the payment of which the legislature intended to relieve appellant, could have been only the taxes which it, as a railroad corporation, would be otherwise liable to pay upon its property acquired in the prosecution of its business in constructing and operating these lines of road. None other could have been contemplated, for the plain reason that it was not intended that any other business should be engaged in. And it is a familiar rule of construction, that a corporation has such powers only as are specifically granted by its act of incorporation, or as are necessary for the purpose of carrying into effect those powers. 2 Kent's Com. (8 ed.) 350; *Met. Bank* v. *Godfrey*, 23 Ill. 602.

It surely needs no argument to prove that steamboats are not railroad property, or that the right of carrying by rail does not include, as a necessary incident, the right to carry by water. The duties and obligations of carriers by water are, in many respects, entirely different from those of carriers by land, and it is impossible that a system of rules and regulations strictly applicable to the duties of the one could be applied to the other.

It may be, that the business prosperity of appellant is greatly promoted, and the public convenience subserved, by its ownership and use of this boat. So, too, it might be by lines of stage coaches, or by constructing canals or other lines of railway, to connect with its lines of road at such convenient points as would enable it to draw to itself the trade and travel of the country for many miles east and west; yet, it could not be

claimed that, therefore, such enterprises are within the powers conferred by appellant's charter, or that property so employed is within the contemplation of the legislature in the enactment of the section under consideration.

We take the true inquiry to be in regard to property acquired and used by appellant, and claimed to be exempt from taxation, as was held in a similar case in New Jersey, (*State* v. *Newark,* 2 Dutcher, 520,) "Where does the necessity end and the mere convenience begin?" It was there said: "The necessary appendages of a railroad and transportation company are one thing, and their appendages which may be convenient means of increasing the advantages and profits of a company are another thing." And in *R. R.* v. *Berks County,* 6 Barr, 70, under a somewhat similar exemption clause, it was held that, as the railroad was exempt from taxation, that property only which was necessary and indispensable to the construction and use of the road was within the exemption. See, also, to like effect, *The State* v. *The Com'rs of Mansfield,* 3 Zabriskie, 510; *Inhabitants of Worcester* v. *The W. R. R. Co.* 4 Metcalf, 564; *Vermont Central Railroad Co.* v. *Burlington,* 28 Vt. 193.

We think it clear that the steamboat is not such property as is within the contemplation of the 22d section of appellant's charter, and that the court below properly dissolved the injunction against the taxes levied upon it.

The decree of the court below is affirmed.

*Decree affirmed.*