## The Illinois Central Railroad Company

*v.*

## The People *ex rel.* John Hodges, Collector.

*Filed at Springfield March 27, 1886.*

1.  Exemption from taxation—*Illinois Central Railroad Company—scope of the exemption in its charter—as to freight houses, elevators, etc.* This court has held that the property of the Illinois Central Railroad Company which is exempted from taxation by section 22 of its charter. is such as has been acquired in the prosecution of its business in constructing and operating its road as authorized by its charter.

2.  Freight houses, elevators, etc., constructed and used solely for the purpose of enabling the company to perform its duties as a common carrier, are exempt from taxation under the charter of the company.  But property devoted to a use not contemplated by the charter, as, for the business of warehousing for private gain, or merchandizing, is not within the exemption.

3.  So an elevator of the Illinois Central Railroad Company, built upon its right of way leased to private persons, holding as agents of the company, under an agreement to pay a compensation for its use, is not exempt under section 22 of the charter of the company, it not being used exclusively by the company in the exercise of its franchise.

4.  Same—*burden of proof on question of exemption.* The party alleging an exemption of property from taxation must show that fact.

Appeal from the County Court of Alexander county; the Hon. John H. Robinson, Judge, presiding.

Messrs. Green & Gilbert, for the appellant:

This court has several times held that the property of appellant is not subject to assessment and taxation except in the manner pointed out in its charter, and that its property is exempt "from all taxation of every kind," except the seven per cent payable annually to the State.  *Railroad Co.* v. *County of McLean,* 17 Ill. 291; *Neustadt* v. *Railroad Co.* 31 id. 484.

An elevator in which grain is stored and handled, and from which grain is shipped, is a grain warehouse, with modern improvements for handling grain.   The elevator built by appel-

lant upon its own lot 4, appears by the evidence to have been used for receiving and storing grain until it should be shipped. The question of the exemption from ordinary taxation of such property as the elevator, built on appellant's land, seems to have been definitely settled, so far as the opinion of this court can settle it. *Gilkerson* v. *Brown*, 61 Ill. 486.

The charter of appellant has been held by this court to be a contract between appellant and the State, "which can not be changed or annulled without the consent of both contracting parties." *Neustadt* v. *Railroad Co. supra.*

Section 97, of chapter 129, of the Revised Statutes of 1874, was enacted subsequent to the enactment of appellant's charter. It will not be contended that the subsequent legislation embodied in said section 97 will be so construed as to impair the obligation of appellant's contract with the State. But if appellant's right to own and hold said lot 4 free from taxation, except as provided in its charter, is limited by said section 97, such limitation may operate so as to impair the obligation of the contract.

There is no likeness between this case and *Felsenthal* v. *Johnson*, 104 Ill. 21, and *Preston* v. *Johnson*, id. 625. No element of contract appeared in those cases.

Mr. WILLIAM N. BUTLER, State's Attorney, and Mr. JOHN M. LANSDEN, for the appellees:

The exemption in the appellant's charter does not extend to all property the company may choose to purchase. It may purchase property for railroad purposes, and say it uses it for such purposes; but it must go further, and show for what purposes it is used. If the elevator is used as elevators are ordinarily used in which grain is stored, in a manner such as to destroy the identity of different lots, then the business of operating the same is no part of a railway company's business, nor that of a common carrier. *Railroad Co.* v. *Irvin*, 72 Ill. 452; *Bank* v. *Tennessee*, 104 U. S. 493.

The exemption, under the charter, extends only to property necessary for the business of the company. *Railroad Co.* v. *Milwaukee*, 34 Wis. 271; *State* v. *Railroad Co.* 48 Md. 50; *De Soto Bank* v. *City of Memphis*, 6 Baxter, 415.

An intention to exempt must, in any case, be expressed in clear and unambiguous terms. Taxation is the rule, exemption is the exception. All exemptions are to be strictly construed. They embrace only what is within their terms. Cooley on Taxation, 146; *Northwestern University* v. *People*, 50 Ill. 333.

Exemptions from taxation are never presumed or implied, and it is required of those who claim such a privilege, to show that such was the intention of the legislature, and such intention must appear in terms clear and explicit. Burroughs on Taxation, 132.

The general inclination of the courts has been to hold that a charter which provides for a certain tax, and "that no other tax or impost shall be levied or assessed" upon the corporation, will exempt from taxation all the property held by it necessary to effect the purpose of the incorporation, but not other property held by it, which, though convenient and tending to increase the profits, is not necessary to the corporation and its business. Cooley on Taxation, 151.

Charters and grants limiting the taxing power are strictly construed, and all doubts solved against the same. *Tucker* v. *Ferguson*, 22 Wall, 527; *Northwestern University* v. *People*, 80 Ill. 333; *Railroad Tax*, 18 Wall. 206; *Bailey* v. *Maguire*, 22 id. 215.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

This appeal is from a judgment of the county court of Alexander county, against a lot of ground owned by the Illinois Central Railroad Company, on which is a large grain elevator, for delinquent taxes. The only question for our consideration

is, whether the property is exempt from taxation, under section 22 of the company's charter.

We held in *Illinois Central Railroad Co.* v. *Irvin,* 72 Ill. 452, that the taxes from the payment of which the legislature intended to relieve appellant by this section, were only such as it, as a railroad corporation, would otherwise be liable to pay upon its property acquired in the prosecution of its business in constructing and operating the lines of railway described in its charter. That freight houses, elevators, etc., constructed and used solely for the purpose of enabling the company to perform its duty as a common carrier, are exempt from taxation, we think is beyond question; but the company has no more authority, under its charter, to enter upon the business of warehousing, generally, than it has to enter upon that of merchandizing, and property, therefore, devoted to such a use, not being within the contemplation of its charter, can not be within the exemption.

The rule is familiar, that the party alleging exemption from taxation must affirmatively show that the property claimed to be exempt is so in fact. The proof here is hardly sufficient. It is true, that a witness of unquestioned integrity testified that "the elevator is used to hold grain that is unloaded from Illinois Central cars, and also grain that is to be carried away on them;" but he also further testified, the building "is occupied by Halliday Brothers, under a contract; * * * they hold the elevator as agents of the Illinois Central Railroad Company, and pay that company a compensation in money, exactly how, or what amount, I do not remember." This clearly excludes the idea that the elevator is used exclusively by the company in the exercise of its franchise as a common carrier, and it does not affirmatively show that the elevator is used exclusively for the storage of grain shipped, or to be shipped, on the company's railroad. The evidence does not show that grain shipped, or to be shipped, on the company's railroad, must, to enable the company to conveniently discharge its

duty to shippers and consignees, pass through this elevator; and it does appear, from the evidence quoted, that it is rented or let to private parties for a stipulated compensation.

We are not convinced there is error in the judgment below. It will therefore be affirmed.     *Judgment affirmed.*