(No. 14409.—Reversed and remanded.)
THE ILLINOIS CENTRAL RAILROAD COMPANY, Appellant,
*vs.* PATRICK J. CARR, County Collector, Appellee.

*Opinion filed February 22, 1922.*

1. TAXES—*legislature may change rule as to situs of incorporeal personal property.* The common law rule that incorporeal personal property has no locality but accompanies the person of the owner wherever he goes is adopted only for convenience, and for purposes of taxation the legislature has power to change the rule.

2. SAME—*what is included in "capital stock" of corporation for the purpose of taxation.* The "capital stock" of a corporation embraces all the property belonging to the corporation, including all its rights, contracts, privileges, good will and everything of value that appertains or belongs to the corporation, of any character or description, corporeal or incorporeal, but to avoid double taxation the amount of the "capital stock" to be taxed as such is ascertained by deducting the tangible property from all the other property properly included in the term.

3. SAME—*intangible property of Illinois Central Railroad Company cannot be assessed by the board of assessors of Cook county.* The incorporeal or intangible property of the Illinois Central Railroad Company, consisting of shares of stock, bonds, moneys and credits held by it, cannot be assessed by the board of assessors of Cook county, but if assessable, as "capital stock" or otherwise, must be assessed either by the State tax commission or by the Auditor of Public Accounts, depending upon the Revenue act and the provisions of the company's charter.

APPEAL from the Superior Court of Cook county; the Hon. CHARLES M. FOELL, Judge, presiding.

WALTER S. HORTON, GEORGE A. DUPUY, and JOHN G. DRENNAN, for appellant.

EDWARD J. BRUNDAGE, Attorney General, ROBERT E. CROWE, State's Attorney, WILLIAM H. DUVALL, BALDWIN, CHURCH, SHEPARD & LYNDE, and HOMER K. GALPIN, (FRANK L. SHEPARD, of counsel,) for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

In the year 1919 the board of assessors of Cook county assessed to the appellant, the Illinois Central Railroad Company, shares of stock, bonds, moneys and credits at full values amounting to $10,308,000 and fixed the value for assessment at one-half that amount, or $5,154,000. The board of review, upon complaint by the appellant, refused to annul the assessment, and a tax at the rate of 5.14 per cent, amounting to $264,915.60, was extended against the property, and a warrant was issued to the appellee, Patrick J. Carr, county collector, for its collection. The appellant filed in the superior court of Cook county its bill of complaint challenging the power of the board of assessors to make any assessment against the property, and further alleging as to the stocks and bonds that they were not held for investment but were in the nature of title deeds to lines of railroad in other States operated by the appellant as a part of its system. The bill prayed for an injunction against the collection of the tax. One item assessed was 174,867 joint first refunding five per cent bonds of the Chicago, St. Louis and New Orleans Railroad Company of the par value of $100, and the full value was fixed at $3,000,000, the assessed value at one-half that amount, and the tax was $77,100. The bill alleged that these bonds were an indebtedness of the appellant and not a taxable asset. The appellee answered the bill as to those bonds and filed a general demurrer to the residue. The chancellor found that the bonds were the joint obligations of the appellant and the other railroad company, which had been prepared and were held pending their favorable negotiation to the public, when they would become a liability of the appellant as one of the joint makers. As it appeared that the bonds were in the nature of a promissory note still in the maker's possession and if ever sold would create an indebtedness, the

tax as to them was enjoined. The demurrer to the residue of the bill was sustained, and appellant having elected to stand by the bill as amended, a decree was entered accordingly and an appeal was prosecuted to this court.

Several divisions of the brief and argument for the appellee are devoted to general well settled principles and are supported by numerous decisions of this court. They are: (1) That all property is subject to assessment for taxation unless specifically exempted therefrom by statute within the limits of the constitution; (2) that all property of the appellant not included in or properly a part of its charter lines is subject to assessment under the general Revenue law for purposes of general taxation; and (3) the jurisdiction of the board of assessors and board of review includes all property not specifically placed elsewhere for assessment nor exempt from taxation. To these propositions the appellant replies that it does not claim any exemption from taxation and admits that its property is taxable either under section 22 of its charter or the Revenue act; that all its property not included in nor properly a part of its charter lines is subject to assessment under the general Revenue law for purposes of general taxation, and that jurisdiction of the board of assessors and board of review includes all property not specifically placed elsewhere for assessment nor exempt from taxation. The position of the appellant in argument and the basis of the bill of complaint is, that the property assessed has by its charter or the Revenue act been placed elsewhere than the local assessing authorities for the purpose of assessment; that if the property is a part of the charter lines the assessment is to be by the Auditor of Public Accounts, and if not a part of such lines, by the State tax commission. It was alleged in the bill that the property was acquired as a part of the operation of the original charter lines and was a part of the assets of those lines, but in the argument here it is suggested no further than to sustain the claim that the

assessment was covered by the provisions of the charter and therefore not within the jurisdiction of the board of : :sessors. The bill also raised a question whether the prop( ty, if not within the charter, was a part of "capital stock" :..sessable by the State tax commission; but that also is only material on the question of the authority of the board of assessors. Manifestly, if the board of assessors and board of review were without jurisdiction, the questions whether the items assessed were property which could be assessed at all or by what authority are not involved, and it would not be proper to consider them until an assessment should be made by some authority competent to make an assessment.

It is undeniable that the items included in the assessment are held and owned by the appellant as a railroad corporation and can be assessed for taxation only under appellant's charter or the provisions of the Revenue law relating to taxation of such corporations. The claim of the appellee is that they were lawfully assessed by the board of assessors of Cook county upon two grounds: First, the general rule that intangible personal property follows the situs of the owner, and the principal office of the appellant being in Cook county, the property assessed had its location there for the purpose of assessment; and second, that sections 46 and 47 of the Revenue act subjected the property to assessment by the local authority.

As a general rule, incorporeal personal property has no locality but accompanies the person of the owner wherever he goes. But that is merely a rule of the common law adopted for convenience, only, and it may be changed by the legislature in the exercise of its judgment. The actual situs of personal property having a visible and tangible existence will determine the town or district in which it may be taxed without reference to the domicile of the owner, but intangible property for the purpose of taxation, in the absence of a statute, is generally held to be situated at such

domicile. (*Scripps* v. *Board of Review,* 183 Ill. 278.) If
the legislature has changed the rule with respect to this
property it had power to do so, (*First Nat. Bank of Men-
dota* v. *Smith,* 65 Ill. 44,) and in *State Railroad Tax Cases,*
92 U. S. 575, where the Revenue act of this State was un-
der consideration, it was regarded that the legislature had
made such a change except as to real estate not a part of
the track and right of way and personal property having
a permanent location, and it was said that in doing so
the legislature simply exercised an ordinary function of
legislation.

In *The Hub* v. *Hanberg,* 211 Ill. 43, it was held that
the statute giving authority to a local assessor was broad
enough to include every species of property not therein ex-
pressly removed from such jurisdiction, and the language
of the schedule was broad enough to comprehend the cap-
ital stock of a corporation, including the franchise. That
decision, and sections 46 and 47 of the Revenue act before
mentioned, furnish ground for argument that the board of
assessors had power to make this assessment. In the Rev-
enue act the assessment of the property of railroad com-
panies is separate and independent of other provisions of
the act and is covered by sections 40 to 51, inclusive. Sec-
tion 40 provides that every person, company or corporation
owning, operating or constructing a railroad in this State
shall return sworn lists or schedules of the taxable prop-
erty of such railroad as thereinafter provided to be listed
and assessed, with reference to the amount, kind and value
on the first day of May of the year in which it is listed.
By section 41 the schedule is to be filed with the county
clerks of the respective counties in which the railroad may
be located, showing the property held for right of way and
the length of the main and all side and second tracks and
turnouts in such county and in each city, town and village
in the county through or into which the road may run, and
stating the value of improvements and station located on

the right of way.  By section 42 the right of way, including the superstructures of main, side or second track and turnouts, and the stations and improvements on the right of way, are to be held real estate for the purposes of taxation and denominated "railroad track."  By section 43 the value of the "railroad track" is to be listed and taxed in the several counties, towns, villages, districts and cities in the proportion that the length of the main track in such county, town, village, district or city bears to the whole length of the road, except the value of the side or second track and all turnouts, and all station houses, depots, machine shops or other buildings belonging to the road, which shall be taxed in the county, town, village, district or city in which the same are located.  Section 44 provides that the movable property shall be held to be personal property and denominated for the purposes of taxation "rolling stock," and a list or schedule is to be made in the month of May containing a correct detailed inventory of such "rolling stock."  By section 45 the "rolling stock" is to be listed and taxed in the several counties, villages, districts and cities in the proportion that the length of the main track used or operated in such county, town, village, district or city bears to the whole length of the road.  Section 46, which is one of the sections relied on by the appellee, provides that the tools and materials for repair, and all other personal property of any railroad except "rolling stock," shall be listed or assessed in the county, town, village, district or city wherever the same may be on the first day of May, and all real estate, including the stations and other buildings and structures other than that denominated "railroad track," shall be listed as lands or lots in the county, town, village, district or city where the same are located.  Section 47, the other section which it is claimed authorized the assessment, provides that the county clerk shall return to the assessor of the town or district, as the case may require, a copy of the schedule or list of the real

estate other than "railroad track" and the personal property except "rolling stock" pertaining to the railroad, and such real and personal property shall be assessed by the local assessor.

These sections plainly limit the property to be assessed by the local assessor to the real estate other than "railroad track" and such property as has a local situs required by previous sections to be listed with the county clerk. Section 50 formerly provided that the Auditor should annually, at the meeting of the State Board of Equalization, lay before the board the statements and schedules, and the board should assess the property in the manner provided in the act. That section was repealed by the act of 1919 providing for assessment by the State tax commission, which has taken the place of the board of equalization. (Laws of 1919, p. 718.) Section 2 of that act provides that the State tax commission shall assess the railroad property denominated "railroad track" and "rolling stock" and assess and value in the manner provided by law the "capital stock," including the franchise of all such corporations as the appellant, and section 24 provides that the tax commission shall certify to the several county clerks of the proper counties the assessment of "railroad track" and "rolling stock" and the assessment of the "capital stock," including the franchise of railroad companies, and the county clerk shall distribute the values so certified to him to the county and the several towns, districts, villages and cities in his county entitled to a proportionate value of such "railroad track," "rolling stock" and "capital stock," and the county clerk shall extend taxes against such values the same as against other property in such towns, districts, villages and cities.

That the property assessed by the board of assessors of Cook county was not included in the property having a local situs in that county included in sections 46 and 47 of the Revenue act is beyond question, and if it was included in the term "capital stock" it is equally beyond dis-

pute that the board of assessors had no authority to make the assessment. It was long ago decided by this court what is included in the term "capital stock," and it was held that it embraces all the property belonging to the corporation, including all its rights, contracts, privileges, good will and everything of value that appertains or belongs to the corporation, of any character or description, whether tangible or intangible, corporeal or incorporeal; that the term does not mean the shares of stock but designates the property of the corporation subject to taxation. (*Porter* v. *Rockford, Rock Island and St. Louis Railroad Co.* 76 Ill. 561; *Pacific Hotel Co.* v. *Lieb,* 83 id. 602; *Ohio and Mississippi Railroad Co.* v. *Weber,* 96 id. 443; *Central Illinois Public Service Co.* v. *Swartz,* 284 id. 108.) This property was intangible in its nature under all rules for designating the character of property as well as by section 137 of the act concerning corporations for pecuniary profit, which declares that the term "tangible property," as used in that act, shall mean corporeal property, such as real estate, machinery, tools, implements, goods, wares and merchandise, and shall not be taken to mean money, deposits in bank, shares of stock, bonds, notes, credits or evidence of an interest in property or evidence of debt. (Laws of 1919, p. 316.) The mode of finding the share of the "capital stock" to be taxed, is to take the value of all property, tangible or intangible, real, personal or mixed, including the franchise granted by the State, and deduct from it the value of the tangible property to avoid double taxation; and this can only be done by the tax commission if the property is assessable under the general Revenue act and not a part of the charter lines. In *Clark* v. *Vandalia Railroad Co.* 172 Ind. 409, in a very clear and satisfactory opinion, it is shown that money on hand, which is simply money earned, would be included under our law in the description "capital stock," which in Indiana is included in the term "railroad track."

It was averred in the bill and admitted by the demurrer that neither the money or credits assessed nor any of the property was in Cook county on the first day of May, 1919, but whether that county could be called the domicile of the appellant, doing business and having offices over a large part of the State, merely because the principal office was located in that county, the common law rule as to the location of intangible property has been changed, and it has been provided, in accordance with the plainest principles of equity, that an assessment made by the State tax commission shall be apportioned to the several municipalities in proportion to the length of the main track within such municipality. An assessment of a wharfboat and steamboat, (*Illinois Central Railroad Co.* v. *Irvin,* 72 Ill. 452,) and other assessments of like property, fall within the class having a local situs, which, alone, are excepted from the provisions for assessment and taxation proportioned to the length of track in the various municipalities. In *Wabash Railroad Co.* v. *Board of Review,* 288 Ill. 159, the only question was whether money earned in the operation of a railroad under government control was exempt from taxation, and the manner or by what authority the money should be assessed if not exempt was not raised nor involved in any manner.

The board of assessors and board of review had no authority in law either to make or review any assessment against the property, whether it was a part of the charter lines or came within the purview of the Revenue act. Questions whether the property was subject to assessment, and if so whether the assessment should be made by the Auditor of Public Accounts or the tax commission, do not concern the appellee. Nothing else is considered or determined except the power of the board of assessors and board of review.

The decree was right in enjoining the tax levied on the assessment of the joint bonds and to that extent is af-

firmed. In other respects it is reversed and the cause is remanded to the superior court, with directions to enter a decree finding that the board of assessors and board of review were without authority in the premises and enjoining the collection of the tax based on the assessment.

*Reversed and remanded, with directions.*