(No. 24467.
THE PRICE FLAVORING EXTRACT COMPANY *et al.* Appellees, *vs.* HORACE G. LINDHEIMER, County Collector, Appellant.

*Opinion filed April 15, 1938.*

THOMAS J. COURTNEY, State's Attorney, (MARSHALL V. KEARNEY, JACOB SHAMBERG, WILLIAM T. CRILLY, MANUEL E. COWEN, and BRENDAN Q. O'BRIEN, of counsel,) for appellant.

BENJAMIN F. J. O'DELL, and H. S. MARSHALL, for appellees.

Mr. JUSTICE WILSON delivered the opinion of the court:

A decree of the circuit court of Cook county permanently enjoined the defendant, the county treasurer and *ex-officio* collector, from enforcing the collection of $585.36, the portion of the capital stock tax for the year 1934 extended against the plaintiff, the Price Flavoring Extract Company, allocable to securities of the Federal government held by it. The single issue presented for decision in the trial court and on this appeal, prosecuted by the defendant, is the propriety of the county assessor's inclusion of obligations of the United States among the assets of a domestic corporation in ascertaining the fair cash value of its capital stock for assessment and taxation purposes.

It is elemental that those agencies of a State or the United States through which either government immediately and directly exercises its sovereign powers are immune from the exercise of the power of taxation by the other. (*Col-*

*lector* v. *Day,* 11 Wall. 113; *McCulloch* v. *Maryland,* 4 Wheat. 316.) In particular, Federal obligations sold to raise public funds, whether held by corporations or individuals, are so intimately connected with the necessary functions of government as to fall within the established exemption from taxation by the States, or their subdivisions, for any purpose. (*McCallen Co.* v. *Massachusetts,* 279 U. S. 620; *Farmers Bank* v. *Minnesota,* 232 id. 516; *Home Savings Bank* v. *Des Moines,* 205 id. 503; *Weston* v. *City Council of Charleston,* 2 Pet. 449.) The immunity of public securities of the United States from State taxation not only exempts them from taxes levied directly on the holder but the rule is so pervasive that it has long been established that even where Federal obligations form a part or the whole of the value of the capital stock of a bank or other corporation a State cannot tax the capital stock without deducting the portion consisting of public securities. (*Home Ins. Co.* v. *New York,* 134 U. S. 594; *Bank Tax Case,* 2 Wall. 200; *Bank of Commerce* v. *New York City,* 2 Black, 620.) Declaratory of the basic principle the Congress of the United States, in 1862, specifically provided that: "Except as otherwise provided by law, all stocks, bonds, Treasury notes, and other obligations of the United States, shall be exempt from taxation by or under State or municipal or local authority." U. S. C. A. title 31, Money and Finance, sec. 742.

Since the taxing power of the State, or its subdivisions, does not extend to the Federal securities, instrumentalities of the Federal government, owned by the plaintiff, as objects of taxation, (*McCulloch* v. *Maryland, supra,*) the issue here is narrowed to the determination of whether the State has actually taxed them. Defendant insists that the assessment of these Federal securities was proper because it was made merely as a part of plaintiff's capital stock assessment and not *eo nomine* under column 14 of the personal property tax schedule entitled "Taxable stocks and bonds." The words "capital stock," as employed in paragraph 4 of sec-

tion 1 of our Revenue act (Ill. Rev. Stat. 1937, p. 2620) are intended to designate the property of a corporation subject to assessment and consequent taxation. (*Illinois Central Railroad Co.* v. *Carr*, 302 Ill. 172; *Pacific Hotel Co.* v. *Lieb*, 83 id. 602; *Porter* v. *Rockford, Rock Island and St. Louis Railroad Co.* 76 id. 561.) Conversely, the term "capital stock," within the contemplation of the Revenue act, does not embrace the shares owned by the stockholders, separately or collectively, but refers to the aggregate property of the corporation. (*People* v. *Commonwealth Edison Co.* 367 Ill. 260; *Central Illinois Public Service Co.* v. *Swartz*, 284 id. 108.) A tax on the value of the capital stock of an Illinois corporation, including the franchise, is thus a tax upon the property of the corporation, and is not equivalent to a tax against the shares of the stockholders. *Porter* v. *Rockford, Rock Island and St. Louis Railroad Co. supra.*

Defendant invokes the rule that in assessing shares in national and State banks for taxation to the stockholders, no deduction need be made on account of securities of the United States exempt from State taxation, comprising a part of the assets of the bank by which the value of the shares is measured. (*Des Moines Nat. Bank* v. *Fairweather*, 263 U. S. 103; *Cleveland Trust Co.* v. *Lander*, 184 id. 111; *Van Allen* v. *The Assessors*, 3 Wall. 573.) The right to tax shares of national banks rests upon a solitary exception by which the States are empowered to tax such shares, but with the restriction that the tax imposed must not be at a greater rate than on other money capital coming into competition with the business of national banks. (U. S. C. A. title 12, Banks and Banking, sec. 548.) Moreover, corporate shares are property of their owners, the stockholders, entirely distinct and independent from the corporate assets belonging to the corporation itself. (*Des Moines Nat. Bank* v. *Fairweather, supra; Home Savings Bank* v. *Des Moines, supra.*) A tax on an individual in respect to his shares in a

corporation, hence, is not regarded as a tax upon the United States securities which the corporation owns. (*Van Allen v. The Assessors, supra.*) The mere fact that in the present case Federal securities were not assessed *as such* is insufficient, however, to disguise the attempt to actually assess and tax them as a constituent element entering into the value of plaintiff's capital stock.

In *Plummer v. Coler,* 178 U. S. 115, one of several cases upon which defendant places reliance, it was held that a State may levy a tax upon the right of succession to property on the death of its owner without first deducting the amount of United States securities owned by the estate transmitted under the inheritance laws of the State. Similarly, in *Educational Films Corp.* v. *Ward,* 282 U. S. 379, the United States Supreme Court sustained a tax by the State of New York on the entire net income of domestic corporations, "including all dividends received on stocks and all interest received from Federal, State, municipal or other bonds" for the privilege of exercising their franchises in the State. These decisions are predicated on the theory that the taxes are not imposed upon the property of the decedent or the assets of the corporation, but, in the one case, upon the right or privilege to take property by will or descent derived from and regulated by the State, and, in the other, upon the license or franchise granted by the State. (*Home Savings Bank* v. *Des Moines, supra.*) The tax which plaintiff resisted is not, however, a tax upon the right to do business but is admittedly a tax conditioned on the amount of property held by the taxpayer and does not purport to depend upon the capacity to exercise corporate privileges. The assessor of Cook county lacked authority to use the portion of plaintiff's property consisting of Federal securities as a factor in computing its capital stock assessment. The resultant tax was, therefore, illegal.

The decree of the circuit court is affirmed.

*Decree affirmed.*